## Davis et al. v. Lewis.

*Boroughs—Election of treasurer—Approval of burgess—Bond—Act of May 14, 1915.*

1. The council of a borough may elect its treasurer, and as this duty is ministerial, it may do so without the approval of the burgess.

2. The borough council may specify the amount of the treasurer's bond, but such resolution must be approved by the burgess, inasmuch as the action of the council is legislative in character.

3. Where the amount of a newly-elected borough treasurer's bond has not been fixed by a resolution of council, approved by the burgess, his predecessor still holds the office and is entitled to the custody of the books and papers thereof.

Act of May 14, 1915, P. L. 312, considered.

Petition for mandamus. C. P. Luzerne Co., March T., 1922, No. 485.

*T. B. Miller,* for petitioner.

*Thomas M. Lewis* and *Richard B. Sheridan,* for respondent.

McLEAN, J., March 7, 1922.—The relators compose a majority of the borough council of Plymouth.

2 D. & C.

The respondent was duly elected treasurer of the said borough on the first Monday of January, 1920.

On Monday, Jan. 2, 1922, Peter Dopkowski was appointed treasurer of the borough by the borough council, and subsequently filed bond with surety, which was accepted by council at a special meeting Jan. 30, 1922.

The respondent refuses to turn over the moneys and funds belonging to the borough to Peter Dopkowski, and denies that he has any records, documents or papers the property of said borough.

The relators ask for a mandamus directing the respondent to turn over to the said Dopkowski, as treasurer of said borough, all moneys, funds, records and documents belonging to said borough.

The respondent's return denies: (1) The validity of the election of Peter Dopkowski; (2) that Dopkowski has qualified as treasurer according to law; (3) and avers that he is entitled to hold the office of treasurer until his successor is duly elected and qualified.

To this return relator demurs, which presents for the consideration of the court two questions: 1. Is the election of Dopkowski valid?  2. If so, has Dopkowski qualified as treasurer according to law?

1. Sections 1 and 3, art. I, chap. 7, of the Act of May 14, 1915, P. L. 312, provide the method whereby the borough council may elect a president and secretary and such other officers as it may require.

At such organization meeting, as provided in above sections, the borough treasurer might properly be elected, and were the vote of the members of council equally divided, a burgess would have had the statutory privilege of voting, thereby determining the selection: Com. *v.* Kleeman, 20 Luzerne Legal Reg. 30.

We are of the opinion that the action of council in such an election is neither in the nature of an ordinance or resolution, but simply a ministerial act in performance of the legislative duty imposed by section 6, art. I, chap. 7, and that such action does not require the approval of the burgess.

This interpretation of the law seems the more reasonable in view of the provisions of section 3, *supra*, which authorizes the burgess to preside over the organization meeting of council when such election is held, but precludes his voting thereat unless the vote of the council be equally divided.  To construe the above act to require this action of council, in its appointment of its officers, to be submitted to the burgess for approval would be equivalent to giving the burgess a voice in the selection of the officers to be appointed by council when the vote of the council was not equally divided, which would seem to be in direct violation of section 3, *supra*.

We are, therefore, of the opinion, from facts presented by the petition and not denied by the answer, that Dopkowski was duly appointed treasurer of Plymouth Borough at the meeting of council on Jan. 2, 1922, having been selected by a majority of the members there present, and that this action by the council does not require the approval of the burgess.

Assuming, therefore, that the election of Dopkowski as treasurer of the borough is a valid election, has he qualified according to law?

It is the duty of council "to fix the amount of security to be given by the treasurer," as provided in cl. 9, § 6, art. I, chap. 7,

"The borough treasurer shall, before entering upon the duties of his office, give bond with security as required by the borough:" Section 4, art. VI, chap. 7.

It is the duty of the burgess "to demand and receive sufficient security in the amount fixed by the borough from the treasurer:" Clause 2, § 11, art. II, chap. 7.

"The powers of the borough shall be vested in the corporate officers" (Chap. 7, art. I, § 2), of which the burgess is one: Chap. 8, art. I.

"Every ordinance and resolution, except as herein otherwise provided, passed by the council, shall be presented to the burgess for his approval. . . ." Chap. 7, art. I, § 7, *supra.*

Clearly the action of the borough council in fixing the amount of security to be given by the treasurer, as provided by above sections, is legislative, and, as such, requires a resolution of council duly passed and submitted to the burgess for his approval.

We are unable to find any decision construing the Act of May 14, 1915, P. L. 312, in this particular. However, the act is but a code embodying to a great extent previous legislation.

We find the Act of April 3, 1851, P. L. 320, and the Act of May 23, 1893, P. L. 113, provisions of which acts are substantially incorporated into the borough code, to contain the following provisions:

"The treasurer shall give bond with surety as required by the corporation:" Act of April 3, 1851, § 10, P. L. 320.

"To appoint a treasurer it shall be the duty of the corporate officers, the majority of whom shall be a quorum (Sec. 3, cl. 5) . . . to fix from time to time the amount of security to be given by the treasurer (Sec. 3, cl. 10, *supra*).

"It shall be the duty of the chief burgess . . . to demand and receive sufficient security in the amount fixed by the corporation from the treasurer. (Sec. 6, cl. 2, *supra.*) Every ordinance and resolution which shall be passed by said council shall be presented to the chief burgess of said borough. . . ." Act of May 23, 1893, P. L. 113.

Under the above acts of assembly, which are read *in pari materia* in reference to the appointment of the borough treasurer and fixing of the amount of his bond, it has been held:

"The burgess of an incorporated borough has the power, and it is his duty, to judge of the sufficiency of the borough treasurer's bond, and also of the amount of the security named; and his power and discretion are not limited to the single question of the sufficiency of the security. He may also judge as to the amount of the bond. The borough council are authorized to appoint their own treasurer and to fix the amount of his bond. So far as the appointment of the treasurer is concerned, it is a part of the organization of the borough government and does not require a resolution or an ordinance, but may be done by simple motion duly passed and entered upon the minutes.

"Ordinances and resolutions which require the approval of the burgess are such as relate to and touch the general interest of the people. The ordinary routine of business and the organization of the borough government may be done by simple motion, in which the burgess has no concern. . . .

"The only question before us is the sufficiency of the bond, as well in amount as in security. If the burgess is in doubt as to the sufficiency of security tendered, he may refuse his approval. If, in his judgment, the amount of the bond is not sufficient, he may refuse to approve it for that reason. . . . His duty is to inquire into the sufficiency of the amount and the solvency of the bondsmen, and if, in his judgment, they are sufficient in both respects, he must approve the bond. His refusal to approve it is in the nature of a veto.

*Davis et al. v. Lewis.*

If the council insist upon its sufficiency, they must pass a resolution to that effect over his veto. If he still refuses, then they may ask for a mandamus to compel him to perform his duty. . . . Mandamus refused:" Smith *v.* Holland, 6 Del. Co. Reps. (1895) 210.

If this action were legislative, approval by the burgess was essential to its validity, or in the event of his disapproval, its reconsideration and passage by two-thirds of all the members of council necessary: Long *v.* Lemoyne Boro., 222 Pa. 311.

The petition for mandamus does not affirmatively show a resolution of council fixing the amount of the security to be given by the newly elected treasurer, nor its submission to the burgess for his approval; but, on the contrary, respondent's reply discloses that it was not.

2. We are, therefore, of the opinion that the treasurer appointed by council Jan. 2, 1922, has not qualified according to law, and that a condition precedent to his qualification is the fixing of the amount of bond to be required by proper corporate act, and that until his successor has properly qualified, it is the duty of the respondent to retain all moneys, books, papers, etc., belonging to the borough.

As the case now stands the peremptory mandamus must be refused. Mandamus refused.

From F. P. Slattery, Wilkes-Barre, Pa.