WINNINGER, Respondent, vs. CITY OF WAUPUN, Appellant.

*January 17—February 12, 1924.*

*Municipal corporations: Resolution of council authorizing purchase of land: Necessity for approval of mayor: Rescission of resolution by indefinite postponement.*

1. In view of the veto power conferred on mayors of municipalities by sub. (8) (c), sec. 62.09, Stats., a resolution by a city council authorizing the purchase of land for a city hall which was not submitted to the mayor for his approval did not become a legal offer nor the basis of a contract of purchase. p. 37.
2. Where by a city charter the mayor is a part of the lawmaking power, his concurrence in legislative action is essential to its validity.  p. 35.
3. Sub. (5), sec. 62.11, Stats., which provides that city councils shall have the management and control of city property, does not delegate power to the city council to purchase land, and must be construed in connection with sub. (8) (c), sec. 62.09, under which the mayors of cities are given the veto power. p. 37.
4. The act of the mayor in his approval, or disapproval by veto, of all acts of the council excepting such as to which it is expressly or by necessary implication otherwise provided, is not a ministerial but a legislative act.  p. 38.
5. Where a city council by resolution appropriated a certain sum for the purchase of land for a city hall, but before the expiration of the time during which the mayor had the power of veto it adopted a resolution indefinitely postponing the resolution of purchase, the council, in passing the latter resolution, effectually disposed of the former, and such action resulted in rescinding the offer of purchase contained therein. p. 38.

APPEAL from an order of the circuit court for Dodge county: C. M. DAVISON, Circuit Judge.  *Reversed.*

This is an appeal from an order overruling the demurrer of the defendant to the plaintiff's complaint.

The complaint in substance alleges that the plaintiff held under a land contract certain property in the city of *Waupun,* Wisconsin, known as the Davidson Theater Building prop-

erty, and on the 13th day of November, 1922, expressed his willingness to the mayor of such city to sell the same for the sum of $23,000; that on the same day, at a meeting of the common council of said city, the following resolution was introduced and adopted:

"Whereas, the city of *Waupun* is in need of a city hall and building rooms for other city purposes, including a rest room;

"And whereas, the real estate situated at the southeast corner of Main and Carrington streets in said city, known as the Davidson Theater Building property, now in part occupied by the city of *Waupun* as a city hall, can be purchased for that purpose, and the water and light commission is about to transfer from the fund of that utility to the general fund of the city the sum of $11,000 which it has in excess of all needs, to be used towards the purchase of such real estate;

"And whereas, there are sufficient funds available in the general fund of the city above all other needs to pay the balance of the purchase price of said real estate:

"Therefore be it resolved by the common council of the city of *Waupun* that the city purchase the real estate above mentioned for the sum of $23,000, which amount is hereby appropriated therefor, and that upon the delivery of a good and sufficient deed thereof, together with an abstract of title of the premises so conveyed showing good merchantable title in the grantors and clear of all incumbrances, an order be drawn on the city treasurer in favor of said grantors for the amount above named."

It is further alleged that the plaintiff accepted the terms and conditions of said resolution, and on the 15th day of November, 1922, deposited with the city clerk of said city deeds of said property conveying full and complete title therein to the defendant, and that an abstract was procured and delivered to the city attorney for examination, from which abstract it appeared that the grantors in said deeds had good title to said property and that the same was free and clear of all liens and incumbrances excepting three

mortgages which plaintiff alleged he was ready, able, and willing to satisfy; that on the evening of November 15, 1922, on motions duly made, the council resolved to indefinitely postpone the resolution providing for the purchase of said property, without any action taken on behalf of the council to first reconsider such resolution.

The complaint also alleges that the resolution above referred to and its acceptance by the plaintiff became a binding contract for the sale and purchase of said property before said meeting of November 15, 1922, and that the proceedings of the council on said date were as a matter of law null and void.

It is further alleged that plaintiff duly filed his claim as required by law, and that such claim was not acted upon within the sixty-day period provided for by the statute, and in his prayer for judgment plaintiff demands damages in the sum of $23,000, together with costs.

The defendant interposed a general demurrer. From the order of the court overruling such demurrer this appeal was taken.

*R. D. Tillotson* of Waupun, for the appellant.

For the respondent there was a brief by *Lueck, Clark & Lueck* of Beaver Dam, and oral argument by *M. L. Lueck*.

DOERFLER, J. Among other things it is claimed by plaintiff's counsel that the adoption of the resolution above referred to by the common council constituted an offer on the part of the city for the purchase of said property, and that the plaintiff's acceptance of such offer and his act in depositing the deeds and the abstract as aforementioned constituted a contract binding on both parties, and that such contract thereafter could not be rescinded by the city, and that it could not relieve itself from liability thereunder excepting by the mutual consent or acts of the parties. On the other hand, counsel for the defendant contends that the adoption of the resolution, and the acceptance thereof by

the plaintiff, and the depositing of the documents as aforesaid did not constitute a contract, for the reason, among others, that such resolution had not been submitted to the mayor of the city for his approval, and because the resolution was rescinded within two days after its adoption by the act of the council indefinitely postponing the resolution.

There arises first the question whether the resolution, in order to become a legal offer and the basis of a contract, must first be submitted to the mayor of the city for his approval. Sub. (8) (c) of sec. 62.09 of the Statutes provides as follows:

"He shall have the veto power as to all acts of the council, except such as to which it is expressly or by necessary implication otherwise provided. All such acts shall be submitted to him by the clerk and shall be in force upon his approval evidenced by his signature, or upon his failing to approve or disapprove within five days, which fact shall be certified thereon by the clerk. If he disapproves he shall file his objections with the clerk, who shall present them to the council at its next meeting. A three-fourths vote of all the members of the council shall then make the act effective, notwithstanding the objections of the mayor."

The complaint does not allege that the resolution was submitted to the mayor for his approval; therefore, if such submission is necessary under the statute, it follows that the complaint is fatally defective. It is true that, in the absence of any statutory or charter requirement, the approval of the mayor is not essential; but where by the charter the mayor is part of the lawmaking power, his concurrence in the legislative action is essential to its validity. 2 Dillon, Mun. Corp. (5th ed.) § 578.

We must look, therefore, largely to the provisions of the statutes pertaining to the general charter law of cities in order to determine this question at issue. Sub. (7) of sec. 62.09 of the Statutes provides:

"(a) The corporate authority of the city shall be vested in the mayor and common council.

"(b) Officers shall have generally the powers and duties prescribed for like officers of towns and villages, except as otherwise provided, and such powers and duties as are prescribed by law and except as to the mayor shall perform such duties as shall be required of them by the council. Officers whose powers and duties are not enumerated in chapter 62 shall have such powers and duties as are prescribed by law for like officers or as are directed by the council."

Among the corporate powers delegated to a municipality by the legislature is included that of acquiring the property necessary to carry out the objects and purposes of its creation. In the instant case it was sought to acquire the property in question for the purpose of establishing and maintaining thereon a city hall and for other proper legal municipal purposes. While the mayor by the express terms of the statutes is made the executive officer of the city, being clothed with the usual and ordinary powers of an executive, it was deemed wise by the legislature to also delegate to him the veto power, and this veto power is not confined to mere ordinances passed by the common council, but to all acts of the council excepting such as to which it is expressly or by necessary implication otherwise provided. While his signature to a measure is not an absolute essential in all cases, nevertheless, in order that an ordinance or resolution may become effective, it must be first submitted to him for approval; it must receive his approval within a specified time, or, failing to act within the time limited by the statute, the act becomes effective without his approval; or, the act must be vetoed by him, in which event it cannot become binding unless the common council, by vote of at least three fourths of its members, overrides such veto. While a resolution in its nature is of a temporary character, an ordinance prescribes a permanent rule of conduct or government. The act of the council was by resolution, and the object of the act involving a matter of a temporary character, necessarily came within the field of action of the council

in the form of a resolution.  The granting of the veto power to the executive of a city is in harmony with our general system of government in this country, and finds its parallel in the federal government, in the state government, and in its political subdivisions.   While this power is not universally granted to an executive, it is our opinion that it exists in most municipalities of this country, and that it has been conferred by express legislative act on the mayors of municipalities in our state under the general charter law.   We have searched the provisions of our statutes under the general charter law, and have been unable to find an exception to the veto power of a mayor in a matter of a resolution such as the one here under consideration.   Such being the case, we must hold that, the resolution not having been submitted to the mayor for his approval, in view of the statute requiring such submission such resolution did not become a legal offer and did not possess the vital power necessary for a contract.

Counsel for the plaintiff place great reliance upon the provisions of sub. (5) of sec. 62.11 of the Statutes, which reads as follows:

"Except as elsewhere in the statutes specifically provided, the council shall have the management and control of the city property, finances, highways, navigable waters, and the public service, and shall have power to act for the government and good order of the city, for its commercial benefit, and for the health, safety, and welfare of the public, and may carry out its powers by license, regulation, suppression, borrowing of money, tax levy, appropriation, fine, imprisonment, confiscation, and other necessary or convenient means. The powers hereby conferred shall be in addition to all other grants, and shall be limited only by express language."

Under this subsection the council has the management and control of the city property, etc., but this section nowhere delegates the power to the council to purchase real estate.  Furthermore, the subsection referred to must be construed in connection with sub. (8) (c) of sec. 62.09 of

the Statutes, and under such section the mayor is given the veto power. The corporate authority of a city is vested in the mayor and common council, and the resolution of the council to purchase involved the appropriation and expenditure of a large sum of money and the acquisition of valuable property for municipal purposes.

The act of the mayor in his approval, or in his disapproval by veto, is not a ministerial act but is a legislative act. It does not direct the doing of something which had been provided for by prior municipal legislation, but on the contrary is an independent attempt at original municipal action. *Long v. Lemoyne Borough,* 222 Pa. St. 311, 71 Atl. 211, 21 L. R. A. N. s. 474.

Under the views as above expressed, it becomes unnecessary to consider the effect of the adoption of a resolution indefinitely postponing the resolution of purchase. Such resolution for postponement was adopted before the expiration of the time during which the mayor had the power of veto. While the rules of parliamentary practice would require a reconsideration on the part of the council of its act, either at the session of the council in which the resolution was adopted or at the following session, nevertheless political bodies of this kind are not strictly held to a compliance with such procedure. The rules of parliamentary practice are intended to create and establish a system of orderly procedure. They are merely procedural and not substantive. In passing the motion to indefinitely postpone the resolution of purchase the council intended to and did effectually dispose of such resolution, and such action resulted in rescinding the offer. 28 Cyc. 352, par. 2, and cases cited in note.

The plaintiff's complaint is not invulnerable from other attacks, but inasmuch as the one herein considered is decisive we will not pass upon the others.

*By the Court.*—The order of the circuit court overruling defendant's demurrer is reversed, and the cause is remanded with directions to sustain the demurrer and for further proceedings according to law.