## Long *v.* Lemoyne Borough, Appellant.

*Boroughs—Resolutions—Approval of chief burgess—Loan—Invalid loan —Act of May 23, 1893, P. L. 113.*

The resolution of a borough council authorizing the borrowing of money for municipal purposes, and the giving of a judgment note therefor, must be presented to the chief burgess for his approval and signature, and if this is not done the loan is invalid, and a judgment entered on the note against the borough will be stricken off. In such a case it is immaterial that the chief burgess was present when the resolution was passed, and personally applied to a bank for the loan.

While a judgment against a borough entered on a judgment note given for a loan may be stricken off because the resolution authorizing the loan had not been submitted to the chief burgess for his approval, still if the borough intended to contract the loan and actually received

the money, the debt is an honest one, and the lender may recover the amount of it from the borough in an action for money had and received.

*Boroughs—Municipalities—Member of council—Furnishing supplies.*

The statute which prevents a member of a borough council from profiting by any contract "for the sale or furnishing of any supplies or materials," to his municipality, does not apply to a case where a borough council authorizes a loan from a bank, and a member of the council authorizing the loan is also a member of the banking association.

*Judgment—Invalid judgment—Striking off judgment.*

As a general rule a judgment, regular on its face, will not be stricken off, but when it is entered wholly without authority it may be stricken off, for it is no judgment at all so far as it affects the rights of the defendant.

Argued April 27, 1908. Appeal, No. 44, Jan. T., 1908, by defendant, from order of C. P. Cumberland Co., Sept. T., 1907, No. 167, discharging rule to strike off judgment in case of S. W. Long, for use of the Cumberland Valley Bank, v. Lemoyne Borough. Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Rule to strike off judgment. Before SADLER, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was order discharging rule to strike off judgment.

*E. M. Biddle, Jr.,* for appellant.—Where the authority of the officer to make a note is denied, the burden of proving such authority is cast upon the person offering the note: Millward-Cliff Cracker Co.'s Estate, 161 Pa. 157; Wayne Title & Trust Co. v. Ry. Co., 191 Pa. 90; Worthington v. Schuylkill Electric Ry. Co., 195 Pa. 211; First Nat. Bank v. Slate Co., 16 Pa. Dist. Rep. 860.

A municipality cannot be bound by contract of its agents beyond their special authority: Barnes v. Phila., 3 Phila. 409; Davis v. Phila., 3 Phila. 374; Devinney v. Reynolds, 1 W. & S. 328; Campbell v. Foster Home Assn., 163 Pa. 609; Payne v. Robinson, 1 Pa. Dist. Rep. 638; Keller v. Scranton, 200 Pa. 130; City of Erie's App., 91 Pa. 398.

All resolutions relating to contracts for borough improve-ments, special expenditures of borough moneys, approval of contracts and orders for the payment of borough debts for every special purpose, other than the routine of current ex-penses, although in the form of motion or resolution, must be signed by the burgess and approved by him, or passed over his veto, as provided by the act of 1893: Galloway v. Gilmour, 5 Pa. Dist. Rep. 553; Riebe v. Lansford Borough, 5 Pa. Dist. Rep. 555; Kepner v. Com., 40 Pa. 124; Com. ex rel. v. Buchanan, 6 Kulp, 217; Lehigh Coal & Nav. Co. v. Ry. Co., 167 Pa. 126; Milford Borough v. Milford Water Co., 124 Pa. 610; Larimer, etc., St. Ry. Co. v. Ry. Co., 137 Pa. 533; Butler v. School Dist., 149 Pa. 351; Brandmeier v. Coal Co., 219 Pa. 19.

Apart from any irregularities in the confession of judgment or in the manner in which the resolutions authorizing the loans were enacted, or in the manner in which the debt was con-tracted, the appellant contends that the underlying contract with the bank was wholly void, as being in violation of sec. 66 of the Act of March 31, 1860, P. L. 382, and as being against public policy: Milford Boro. v. Milford Water Co., 124 Pa. 610; Washington Twp. v. Shoop, 2 Pa. Dist. Rep. 639; Trainer v. Wolfe, 140 Pa. 279; Marshall v. Ellwood City Boro., 189 Pa. 348; Harrison Twp., 20 Pa. C. C. Rep. 54; Com. v. DeCamp, 177 Pa. 112; Hazle Twp., 1 Pa. Dist. Rep. 813; Pratt v. Luther, 45 Ind. 250; Goodrich v. Waterville, 88 Me. 39 (33 Atl. Repr. 659); O'Neil v. Flannagan, 98 Me. 426 (57 Atl. Repr. 591); Com. v. Witman, 217 Pa. 411; Bartolett v. Achey, 38 Pa. 273; Com. v. Commissioners of Phila. County, 2 S. & R. 193; In re Hazle Twp., 1 Pa. Dist. Rep. 813; Milford v. Water Co., 124 Pa. 610.

Apart from the effect of the act of 1860, the contract between the bank and the officers of the borough was void as against public policy: Washington Twp. v. Shoop, 2 Pa. Dist. Rep. 639; Everhart v. Searle, 71 Pa. 256.

*S. B. Sadler*, with him *C. S. Brinton*, for appellee.—When a municipality has lawfully created a debt, it has the implied power, unless restrained by its charter or a statute, to evidence

the same by bill, bond or other instrument. The power to contract the debt implies the right to issue proper acknowledgments therefor: Williamsport v. Com., 84 Pa. 487; Com. v. Councils of Pittsburg, 41 Pa. 278; Commonwealth v. Pittsburg, 34 Pa. 496; Oil City v. McAboy, 74 Pa. 249.

It is not universally true that a corporation cannot bind the corporators beyond what is expressly authorized in the charter. There is power to contract, undoubtedly, and if a series of contracts have been made openly and palpably within the knowledge of the corporators, the public have a right to presume that they are within the scope of the authority granted: Allegheny City v. McClurkan, 14 Pa. 81; Commonwealth v. Buchanan, 6 Kulp, 217; City of Pittsburg v. Biggart, 85 Pa. 425.

That the indebtedness was temporary in character, and intended to provide funds until a permanent loan could be arranged clearly appears from the notes themselves, which were made payable in thirty or sixty days, and from all of the testimony in the case. That the entire sums borrowed were less than two per cent of the assessed valuation has not been denied. This practice of making temporary loans has been recognized frequently by the courts: Williamsport v. Com., 84 Pa. 487; Safe Dep. Bank v. Schuylkill County, 190 Pa. 188; Snyder v. Kantner, 190 Pa. 440; Spangler v. Leitheiser, 182 Pa. 277; Bell v. Waynesboro Borough, 195 Pa. 299; Lehigh Coal & Nav. Co.'s App., 112 Pa. 360.

Even without the ratification by the burgess, it is believed that these temporary loans were "in the nature of a business transaction relating to municipal affairs of the borough," and under such circumstances the signature of the burgess would not be required: Lansdowne v. Citizens' Electric Light & Power Co., 206 Pa. 188; Kolb v. Tamaqua Borough, 218 Pa. 126; Com. v. Diamond Nat. Bank, 9 Pa. Superior Ct. 118.

In the case at bar there was not only an approval of the action of council by the burgess, but a loan secured at his instance, and with full knowledge of all the facts as a result of the resolutions. In addition, the benefits arising by reason of the action of council have been fully enjoyed by the borough, and it is now estopped from setting up an alleged irregularity in the proceed-

ings of its officers: MacGeorge v. Manufacturing Company, 141
Pa. 575; Wojciechowski v. Johnkowski, 16 Pa. Superior Ct.
444; Allegheny City v. McClurkan, 14 Pa. 81; Barber Asphalt
Paving Co. v. Harrisburg, 64 Fed. Repr. 283; Addyston Pipe &
Steel Co. v. Corry, 197 Pa. 41.

It is also insisted that the signature of the burgess to the
ordinance subsequently passed providing for an election to
fund the loan in question, would be sufficient ratification, if the
signature of the burgess was required to the original resolutions.
That there may be a ratification of such acts cannot be ques-
tioned: Roye v. Borough of Columbia,. 192 Pa. 146; Bell v.
Waynesboro Borough, 195 Pa. 299; Millvale Borough, 162 Pa.
374; Sandy Lake Borough v. Gas Co., 16 Pa. Superior Ct. 234.

The act of 1860 is a highly penal statute and it cannot be
extended by implication beyond its precise meaning: Trainer
v. Wolfe, 140 Pa. 279; Com. ex rel. v. Hilibish, 12 Pa. C. C.
Rep. 25; Cavender v. Steamboat Fanny Barker, 40 Mo. 235;
Marshall v. Elwood City Borough, 189 Pa. 348.

OPINION BY MR. JUSTICE BROWN, November 2, 1908:

The borough of Lemoyne was incorporated May 23, 1905.
The first meeting of its council was held July 26, following.
The new borough being without funds to enable it to start
properly on its municipal career, its council, on October 31,
1905, passed the following resolution: "Resolved, That the
Borough of Lemoyne borrow from the Cumberland Valley Bank
for general Borough purposes the sum of ($500) Five Hundred
Dollars and that the President of Town Council and Borough
Treasurer be authorized and directed to execute a note in the
name of the Borough of Lemoyne, and attested by the Secre-
tary, to said Cumberland Valley Bank for said loan of ($500)
Five Hundred Dollars and all renewals of the same." To secure
this loan of $500 a judgment note was executed in that sum on
November 3, 1905, by the president of the town council and at-
tested by the secretary, payable ninety days after date to the
order of S. W. Long, the borough treasurer. A copy of the
resolution of October 31, signed by the president of the town
council and duly certified by the secretary, was presented to

the bank and, upon the assignment of the note to it by Long as treasurer, the same was discounted by the bank and the proceeds placed to his credit as borough treasurer. The borough subsequently made three other loans from the bank in the same way, one for $1,000, one for $2,000 and the third for $1,000. The resolutions authorizing these loans were in the same form as the one of October 31, and the notes were in the same form as that given for $500 on November 3, the only difference being in the amounts. Shortly after the last loan was made, on February 27, 1906, all the notes were consolidated into one of the same form for $4,500, payable to the order of S. W. Long, treasurer, which he assigned to the bank. At the municipal election in February, 1906, new councilmen were elected, only one of the old members holding over. The new council refused to recognize the obligation for $4,500 held by the bank, and, when judgment was entered upon it, a rule was taken to show cause why it should not be opened and stricken off on the grounds, (1) that no legal action had been taken by the borough authorizing the loans; (2) that when the resolutions were passed authorizing the loans a majority of the members of council were members of a partnership association conducting the said Cumberland Valley Bank, and the loans were, therefore, void under sec. 66 of the Act of March 31, 1860, P. L. 382; and (3) that a portion of the money borrowed from the bank had been illegally expended by the borough in making improvements. The rule granted was discharged, and from the refusal of the court to interfere with the judgment we have this appeal.

No one of the four resolutions directing the loan to be made was presented to the chief burgess for his approval. It is true he was present when each of them was passed, and he personally applied to the bank for the loans. Under this state of facts the court below was of opinion that he had impliedly approved the resolutions. But this is not the kind of approval recognized by the statute when approval is essential to the validity of an ordinance. The requirement of the Act of May 23, 1893, P. L. 113, is that every resolution shall be presented to the chief burgess and, if he approve it, he shall sign it. It must be expressly approved by him, and the evidence of such approval is

that he has signed it. If the resolutions were of such a character as to require the approval of the borough's chief executive, they never became operative, and the judgment for $4,500 against the borough was confessed by the president of the town council without authority. Whether the resolutions required the approval of the chief burgess depended upon whether they were legislative or ministerial. If legislative, approval was essential to their validity; if ministerial, it was not. That they were of a legislative character is clear. They did not direct the doing of something which had been provided for by prior municipal legislation, but, on the contrary, each was an independent attempt at original municipal action. No one of them directed the performance of an executory. contract previously authorized by ordinance or resolution, but each was a ways and means act, passed for the purpose of authorizing the borough officers to make a contract with the Cumberland Valley Bank, and, therefore, required the approval of the chief burgess before it could confer authority upon the president of the council to create a municipal liability to the bank: Jones v. Schuylkill Light, Heat & Power Co., 202 Pa. 164. Without such approval the president of the town council was without authority to execute any kind of obligation in the name of the borough, and appellant's contention that the judgment entered on the note given by him is void for want of authority to confess it, must, therefore, prevail. But while we are compelled to so hold, the borough will gain nothing by our reversal of the court below. Though the bank cannot recover on the judgment note given to it, because the attempt to do so is an attempt to enforce an express contract which no one had been properly authorized to execute on behalf of the borough, there is an implied obligation resting upon the municipality to pay back what was lent to it in good faith. The council concededly could have authorized the borrowing of the money and the execution of an obligation to repay it to the bank, and, the borough having received, at its special instance and request, $4,500 from the appellee for its municipal needs, its implied legal obligation is to pay this honest debt. In an action against it for money had and received it will be the duty of the court, under the facts as de-

veloped in this proceeding, to direct a recovery: Rainsburg Borough v. Fyan, 127 Pa. 74. Municipal repudiation of honest indebtedness which the municipality intended to contract and could have lawfully contracted, is no more to be tolerated than individual repudiation of honest indebtedness merely because it was not incurred in pursuance of a duly executed express contract, unless the municipal charter or the statutes prohibit the municipality from incurring any liability by implication.

As to the second reason given by the borough for asking that the judgment be declared void, it is a sufficient answer to say that the act of 1860 is a penal one and must be strictly construed: Trainer v. Wolfe, 140 Pa. 279. It prevents a member of council from profiting by any contract "for the sale or furnishing of any supplies or materials" to his municipality. Money is not within its letter and certainly not within its spirit. For the use of money a rate of interest is fixed by statute, beyond which no lender can profit. In asking the court below to decide that a loan from a bank to a municipality is void if a member of the banking association making it happens to be a member of the town council authorizing it, the appellant was simply consistent in its narrow, technical and unconscionable attitude towards the honest claim of the appellee.

After the bank had lent the money to the borough in good faith, it was none of its concern how it was spent. A sample of the objections to paying the loan because the borough had illegally expended some of the money, is the hiring of teams from two of the members of the town council by the man who was making repairs on the streets. To discuss these objections would be to unduly dignify them.

As a general rule a judgment, regular on its face, will not be stricken off, but when it is entered wholly without authority it may be stricken off, for it is no judgment at all so far as it affects the rights of the defendant: Bryn Mawr National Bank v. James, 152 Pa. 364. This judgment was entered without authority, and the court below found that the entry of it had never been ratified. It cannot, therefore, remain on the record. The order of the court below is reversed and the judgment is stricken off.