# Willis, Appellant, v. York County Directors of the Poor.

*Municipalities—Poor law—Power to erect buildings—Services rendered—Estoppel—Ultra vires — York County — Local Act of February 6, 1804, P. L. 113—Act of April 17, 1866, P. L. 110—Statutes—Repeal—Act of March 20, 1917, P. L. 4, not retroactive.*

1. The local Act of February 6, 1804, P. L. 113, authorizing the poor directors of York County to erect almshouses for the poor, was repealed by the general Act of April 17, 1866, P. L. 110, which conferred such authority on the county commissioners with the approval of the poor directors, the grand jury and the court of quarter sessions.

2. A contract for the construction of such buildings entered into by the poor directors cannot be sustained although the attorney general may have given an opinion that such contract was legal.

3. There is no implied authority in the poor directors to contract for the erection of such buildings because of the existence of

an extraordinary emergency requiring immediate attention, where it appears that there was ample time for the procedure prescribed by the Act of 1866.

4. Persons contracting with municipal corporations must, at their peril, inquire into the power of the corporation or its officers to make the contract.

5. Where a statute prescribes a formal method for proceedings to obtain a municipal contract, that system must be strictly followed.

6. Contractors cannot allege that, after the contract has been in part completed, and the municipal corporation has accepted the benefit thereof, it is estopped from refusing to pay for the services rendered.

7. The Act of March 20, 1917, P. L. 4, supplementing the Act of 1804, has no retroactive effect.

Argued May 19, 1925. Appeal, No. 309, Jan. T., 1925, by plaintiff, from judgment of C. P. York Co., Jan. T., 1921, No. 15, for defendant on question of law raised by affidavit of defense, in case of B. F. Willis v. Directors of the Poor and the House of Employment for the County of York. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Rule for judgment on question of law raised by affidavit of defense. Before ROSS, J.

Judgment for defendant. Plaintiff appealed.

*Error assigned* was judgment, quoting record.

*Robert S. Spangler,* for appellant.—The board acted under the police power to abate a nuisance: Com. v. Beatty, 15 Pa. Superior Ct. 5; Northwestern Fertilizer Co. v. Hyde Park, 97 U. S. 659; Baumgartner v. Hasty, 100 Ind. 575.

Poor boards have implied authority in cases of emergency to go beyond the letter of the law as respects the administration of their duties in ministering to charges under their control: Directors of Poor v. Wallace, 8 W.

& S. 94; House of Employment v. Murray, 32 Pa. 178; Directors of Poor v. Worthington, 38 Pa. 160; Campbell v. Grooms, 101 Pa. 484; Potters Nat. Bank v. Twp., 260 Pa. 104.

The contract having been performed by plaintiff and approved and accepted by defendant, defendant is estopped from setting up the objection of illegality and lack of authority to the contract: Hitchcock v. Galveston, 96 U. S. 341; Allegheny City v. McCalurkan & Co., 14 Pa. 81; Dougherty v. Hunter, 54 Pa. 380; Aspinwall Delafield v. Boro., 229 Pa. 6.

*V. K. Keesey,* of *Schmidt, Keesey, Stair & Kurtz,* for appellee.—All persons contracting with a municipal corporation must at their peril inquire into the power of the corporation or of its officers to make the contract: O'Malley v. Borough, 198 Pa. 525; Kreusler v. School Dist., 256 Pa. 281; Dolan v. Schoen, 261 Pa. 11.

OPINION BY MR. JUSTICE FRAZER, June 27, 1925:

Plaintiff, an architect, sued to recover from the Directors of the Poor of York County the sum of $14,250, as payment for services rendered in preparing plans and specifications for the erection of a new almshouse building. The plans were accepted by the directors; the building, however, was not erected owing to a question raised as to the authority of the directors to act in the matter. Suit was brought by plaintiff to recover for the portion of his fees already earned in accordance with the rules and regulations of the American Institute of Architects. The court below held the directors were without power or authority to make the contract for either the construction of the building or selection of an architect and entered judgment for defendant, from which plaintiff appealed.

The Poor District of York County was incorporated by local Act of February 6, 1804, 4 Sm. L. 113, which, among other things, authorized the directors to pur-

chase, take and hold land within the county and erect suitable buildings for the use and accommodation of the poor. Pursuant to the power granted, the directors erected the buildings which have been in use to the present time. In 1913 and 1914 the buildings were inspected by the State Board of Public Charities and the Department of Labor and Industry and pronounced unsanitary and unsuitable for the purpose, a menace to the life and health of the inmates, duly condemned and orders made directing the erection of new fireproof structures. A question was at that time raised as to the proper officers to proceed with the work and the matter submitted to the attorney-general who advised that the duties devolved upon the Directors of the Poor of York County. Conformable to the opinion so given, the directors employed plaintiff to prepare plans and specifications for new and modern buildings, for which services he seeks to recover in this action.

The Act of April 17, 1866, P. L. 110, a general act relating to poorhouses, provides that in all cases "where a poorhouse or houses have been or shall hereafter be erected in any county or counties, under any law of this Commonwealth and the said buildings are found insufficient for the purpose of comfortably sheltering and maintaining the poor, sick, or insane of the proper county, it shall be lawful for the county commissioners to erect new or additional buildings for such purposes ......provided that before erecting any such new or additional buildings the construction thereof shall be recommended by the directors of the poor, a grand jury, and the court of quarter sessions of the proper county." The foregoing provisions clearly impose upon county commissioners the duty of erecting new or additional buildings and in this respect supplement the provisions of the Special Act of 1804, relating to York County. To this effect was the conclusion reached by this court in Light v. Houck, 2 W. N. C. 5, where a statute similar to the Act of 1804 was in question, and also

by the Superior Court in Taylor v. Poor District, 50 Pa. Superior Ct. 317, where it was stated, in referring to the Act of 1866 (page 321), that "the method thus outlined is in harmony with the general policy of the state in relation to county public buildings to be paid for by taxation." The Act of 1866 seems to have been overlooked by the attorney-general in submitting his opinion to the board of directors.

Plaintiff argues an implied authority in the poor board to erect the building was created by the existence of an extraordinary emergency requiring immediate action. The record, however, does not present a case of this character, consequently we deem unnecessary a discussion of the decisions cited in support of this theory. It appears the old buildings were not in fact destroyed but continued to be used and are still in use. Notwithstanding orders for their destruction were given in January, 1914, the contract with plaintiff for the preparation of the plans was not made until October, 1915. There seems to have been ample time for allowing the procedure prescribed by the Act of 1866, and in fact we find nothing to indicate such proceeding would have taken a longer time to procure proper authority for the prosecution of the work than actually elapsed here before the contract with plaintiff was entered into.

It is argued also that, inasmuch as plaintiff had performed part of his contract in good faith, and the poor district accepted the benefits of the work done by him, it is estopped from refusing to pay for the services rendered. This principle cannot be applied to permit the expenditure of public funds contrary to express statutory enactment. Plaintiff had notice from the beginning that doubt existed as to the power of defendants to act, and although the opinion of the attorney-general was in favor of the validity of the contract, this did not protect the plaintiff if that official was in fact mistaken in his view of the law under the statutes. Persons contracting with municipal corporations must, at their

peril, inquire into the power of the corporation or its officers to make the contract. The argument here made may be effectually disposed of by reference to Kreusler v. McKees Rocks School Dist., 256 Pa. 281, where a contractor sued on a quantum meruit for work and materials furnished under a contract with a school district which had been declared void as creating a debt in excess of the constitutional limit. In holding there could be no recovery, we said, (page 294) : "The learned court below refused to allow the set-off on the ground that, as it was paid on an illegal contract, the law leaves 'the parties just in the condition in which it finds them.' This is the general rule to which the present case is not an exception. The contract for the construction of the superstructure was ultra vires the school board, and, therefore, incapable of enforcement. Hence, the plaintiff is not permitted to invoke its aid in collecting the amount due him for work done on the superstructure. For a like reason, the contract will not support an action by the defendant school district to recover back the money which it paid illegally to the plaintiff for work done under the contract. The set-off, therefore, cannot be allowed, as in effect, it would be sustaining an action by the defendant for the money paid the plaintiff: Everson v. Fry, 72 Pa. 326. The plaintiff, having notice of the wrongful act, is in pari delicto with the school board. Neither is the victim of the other. The plaintiff knew, or is presumed to have known, that the contract was violative of the Constitution of the State (2 Dill. on Mun. Corp., 5th ed., sec. 777), and hence void and not capable of enforcement. He cannot allege ignorance of the indebtedness of the school district: O'Malley v. Olyphant Borough, 198 Pa. 525. In this [latter] case it was said (p. 533) : 'To their [plaintiffs] allegation that they have no way of ascertaining the indebtedness of the borough, the answer is that it was their duty to ascertain it in some way, or to refuse to enter into the contract until the borough officials had satisfied them that

the proposed additional indebtedness would be within the constitutional limit. Without taking this precaution, they acted at their peril.' The law, under such circumstances, will not give relief directly or indirectly to either party." This is in accord with the general rule, stated in numerous cases and applied in the recent case of Harris v. Phila., 283 Pa. 496, to the effect that, where a statute prescribes a formal method for proceeding to obtain a municipal contract, that system must be strictly followed, and a contract will not be awarded unless the mode specified is accurately pursued.

It may be observed that by Act of March 20, 1917, P. L. 4, supplementing the Act of 1804, the Directors of the Poor of York County are given authority to construct new buildings. This statute, however, has no retroactive effect and accordingly has no application to the questions here involved.

The judgment of the court below is affirmed.