J. A. & W. A. Hess, Inc., Appellants *v.* Hazle Township, Appellee.

Argued June 7, 1976, before President Judge Bow-
MAN and Judges CRUMLISH, JR., WILKINSON, JR., MEN-
CER and BLATT. Judges KRAMER and ROGERS did not
participate.

*Frank D. Llewellyn,* with him *George I. Puhak,* for
appellant.

*Thomas L. Kennedy,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., September 16, 1976:

In the case now before us, our Supreme Court has remanded the appeal of J. A. & W. A. Hess, Inc. (Hess) to us for a determination of three specific issues not addressed in our initial opinion in this matter, *J. A. & W. A. Hess, Inc. v. Hazle Township,* 9 Pa. Commonwealth Ct. 409, 305 A.2d 404 (1973).

Specifically, we have been asked to decide the following:

1. Whether Hess can properly assert a quasi-contractual (quantum meruit) recovery against Hazle Township (Township) in light of its delivery to Township of quantities of gravel in excess of a stated contractual approximation.

2. Whether the trial court erred in refusing to admit evidence of practice and usage of prior years under similar contracts between the parties.

3. Whether Hess is entitled to a recovery in excess of the $350.00 on the contract.

Initially, we note that the Supreme Court's opinion remanding this matter to us, *J. A. & W. A. Hess, Inc. v. Hazle Township,* Pa. , 350 A.2d 858 (1976), and outlining the three issues to which we must address ourselves, in reality, seeks to have us decide only two issues, to wit: the validity of the quantum meruit cause of action which, if valid, would of necessity dictate damages in excess of the $350.00 contract price, the question then resolving to the extent to which damages exceed $350.00, and secondly, the purported error of refusing prior practice and custom evidence.

It is within these parameters that we shall decide the case postured before us.

Our initial opinion, as well as that rendered by the Supreme Court, adequately set out the facts of this case, however, for purposes of clarity, we shall once more document them.

In 1966, Hazle Township advertised for bids for 100 tons, more or less, of crushed gravel to be applied to Township streets. Hess submitted a bid which proposed a unit price of $3.50 per ton with a resultant contract price of $350.00. Hess' complaint alleged, and the evidence tended to establish, that over 6,000 tons of gravel were actually delivered for the contract period. The complaint seemingly set forth two distinct theories of recovery, the first being in law upon the contract (captioned "First Cause of Action"), while the second sounded in equity, in essence seeking a quantum meruit recovery (captioned "Second Cause of Action").

Township has filed demurrers to both the contractual and quasi-contractual causes of action, but the court below sustained only the demurrer with respect to the quasi-contractual claim ordering the parties to proceed to trial upon the contractual claim only.

In our previous *Hazle* decision, we affirmed the trial court's award of $350.00 upon the contractual causes of action, but felt it unnecessary to reach the unjust enrichment—quantum meruit claim.[1]

---

[1] In *Hazle*, 9 Pa. Commonwealth Ct. at 411, 305 A.2d at 405, our footnote number 1 expressed the view that Hess had not properly preserved the quantum meruit claim for purposes of appeal but that if properly before us, such a claim could possibly have been meritorious based on *Luzerne Township v. Fayette County*, 330 Pa. 247, 199 A. 327 (1938). The Supreme Court's opinion in support of remand concluded that Hess had properly raised the quantum meruit issue *after* trial by distinct references to it in its brief to this Court. Further, that Court concluded that attempted appeal of the sustaining of the demurrer to the quasi-contractual cause of action, while allowing the parties to proceed to trial on the legal contractual claim, would not have been proper because the reality of the

Thus, it is at this juncture that we must decide whether the trial court's sustaining of the Township's demurrer to the quantum meruit cause of action was proper, and, if not, the extent of damages resultant under that theory.

It is elementary that an order granting a demurrer holds that plaintiff has failed to state a cognizable cause of action. *Hudock v. Donnegal Mutual Insurance Company*, 438 Pa. 272, 264 A.2d 668 (1970). Hess asserts that quantum meruit is cognizable against Township upon a basic unjust enrichment theory, notwithstanding the invalidity of the underlying express contract.[2]

Township counters by arguing that *Luzerne Township v. Fayette County, supra* note 1, and its progeny, have held that although a quasi-contractual recovery would be properly before a court where a municipality voluntarily accepted and retained benefits to a contract invalidly executed, such a recovery is improper where, as in construction-paving situations, such as the instant case, the benefits retained, *i.e.*, gravel now in the road, cannot be surrendered.

The crucial language from *Luzerne Township v. Fayette County*, 330 Pa. at 252-3, 199 A. at 330-31, states:

"It is true that, in order to avoid results involving obvious injustice, the courts of some jurisdictions, including our own, have held that where a municipality or other local agency of government has voluntarily accepted and retained the benefits of a contract which

situation there presented was that Hess *was not out of court* but was permitted to proceed to trial albeit on one less theory than originally pleaded.

[2] Our first *Hazle* opinion set out in toto the factual and legal underpinnings of the invalidity of the contract pursuant to Section 802 of the Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §65802.

it had the power to make but which was defective in the method of its execution and consequently invalid, the party who, by furnishing labor or material, has conferred such benefits may recover compensation therefor in a suit, not on the invalid contract itself, but upon a quantum valebat, quantum meruit, or for money had and received; see article on 'Quasi-Contractual Liability of Municipal Corporations' by Professor Tooke, 47 Harvard Law Review 1143. Common honesty requires that a municipality or other governmental agency should not be allowed, any more than a private individual, wholly to repudiate an obligation of which it has deliberately appropriated the benefits, and, in such cases, if the municipality does not restore the property which it has received, an implied obligation to make compensatory payment for it arises: Rainsburg Borough v. Fyan, 127 Pa. 74, 80; Long v. Lemoyne Borough, 222 Pa. 311, 317, 318; Aspinwall-Delafield Co. v. Borough of Aspinwall, 229 Pa. 1, 6; Ohlinger v. Maidencreek Township, 312 Pa. 289, 294, 295, 296; Ephrata Water Co. v. Ephrata Borough, 16 Pa. Superior Ct. 484, 489, 490; Washington Female Seminary v. Washington Borough, 18 Pa. Superior Ct. 555, 559. This principle, however, has no application to the present case for several reasons: . . . *second, the doctrine does not extend to benefits which by their very nature cannot be surrendered and the retention of which is therefore not voluntary, as, for example, paved highways or improvements upon buildings*: Kreusler v. McKees Rocks School District, 256 Pa. 281; Willis v. York County Directors of the Poor, 284 Pa. 138, 142, 143; Chester School District's Audit, 301 Pa. 203, 216; In re Appeal of Sykesville Borough, 91 Pa. Superior Ct. 335. . . ." (Emphasis added.)

Looking to the instruction of that decision, and the case law cited therein, it is clear to us that a quantum meruit cause of action is not proper in this case

because the benefit conferred upon the municipality in no way can be returned to Hess. *See Charleroi Lumber Co. v. Bentleyville Borough School District,* 334 Pa. 424, 6 A.2d 88 (1939).

The rationale of all the cases in this line is that where the underlying contract is found to be invalid because it is ultra vires, improperly ratified by the municipal body, etc., the courts will leave the parties in a status quo posture if at all possible, and will not grant relief to a party which would have the effect of changing the pre-existing status quo. *Kreusler v. Mc-Kees Rocks School District,* 256 Pa. 281, 100 A. 821 (1917).

The logical extension of this proposition, as expressed in *Luzerne Township v. Fayette County, supra* note 1, is that where the benefit conferred cannot be returned, there is no possibility of returning the parties to the status quo existing at the time of attempted execution of the invalid contract. Further, the cited cases are replete with references to the public policy of the rule, and as the Court stated in *Kreusler,* albeit referring to a contract that exceeded the then-existing constitutional municipal indebtedness limit rather than an improperly executed contract under Section 802 of the Second Class Township Code, 53 P.S. §65802, as in the instant case, "[i]t would, in effect, be vitalizing a contract condemned by the constitution [and/or statutes] and policy of the State." *Kreusler v. McKees Rocks School District,* 256 Pa. at 294, 100 A. at 824. (Parenthetical added.)

Considering the foregoing precedents, we may not sanction a claim based on unjust enrichment. Thus, the trial court correctly sustained Township's demurrer to the quantum meruit claim and we need not reach the question of the quantum of damages beyond the $350.00 contractual damages already awarded and affirmed by this Court.

And finally, we are asked to consider whether the trial court erred in refusing to admit evidence of practice and usage between the parties, under similar contracts, with reference to the term ''more or less,'' as evidence establishing that the language of the present contract between the parties was not to be given its ordinary meaning, but was to be given a meaning as understood and effectuated by the parties in prior contracts. *See* Restatement Second of Contracts, §242 (1967).

Our first *Hess* opinion concluded as follows:

''Appellant urges us to agree that the term '100 tons more or less' can be expanded to impose liability on the township for approximately 6,000 tons. In support thereof, it cites Ruth-Hastings G. T. Co. v. Slattery, 266 Pa. 288, 109 A. 695 (1920) for the proposition that a fixed amount 'more or less' as stated in the contract does not relieve the vendee of liability for quantities delivered in excess of the stated amount when the parties act in good faith. However, the contract in Hastings called for a number of bushels of wheat, more or less, as the vendee may require. That flexibility is not in this case. No rational person would interpret the term '100 tons more or . . .' to permit approval of liability for the delivery of 6,000 tons.'' *J. A. & W. A. Hess, Inc. v. Hazle Township,* 9 Pa. Commonwealth Ct. at 413-14, 305 A.2d at 413-14.

This conclusion was premised on the record as it then was before us, *i.e.*, without evidence of prior course of dealings. Even *assuming arguendo* that there was such evidence of record, our result would have been no different, for liability above $350.00 was expressly foreclosed by operation of law when the strictures of Section 802 of the Second Class Township Code were not followed. It was on this basis that damages above $350.00 were foreclosed, for it was as if no contract existed for amounts in excess of $350.00.

If failure to receive evidence on prior course of dealings was error, it was harmless, for the invalidity of the contract could not be cured by such evidence.

Accordingly, we

ORDER

AND Now, this 16th day of September, 1976, the order of the Court of Common Pleas of Luzerne County sustaining the demurrer of Hazle Township to that part of J. A. & W. A. Hess, Inc.'s complaint seeking a quasi-contractual recovery is hereby affirmed.

