400 A.2d 1277

**J. A. & W. A. HESS, INC., Appellant,**

v.

**HAZLE TOWNSHIP, Appellee.**

Supreme Court of Pennsylvania.

Argued Oct. 17, 1978.

Decided May 1, 1979.

Frank D. Llewellyn, Summit Hill, George I. Puhak, Hazleton, for appellant.

Thomas L. Kennedy, Hazleton, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

This appeal results from an action in assumpsit brought by appellant, J. A. & W. A. Hess, Inc., (Hess), against appellee, Hazle Township. Appellant alleged that it had not been paid for over 6,000 tons of gravel delivered to the appellee and used in the construction of township roads during August, September, and October of 1966. The complaint alleged that payment for the gravel in the amount of $23,528.75, plus interest, was due under an agreement existing between appellant and the appellee. Alternatively, the appellant sought recovery on a quasi-contract basis seeking restitution to prevent unjust enrichment of the appellee. The trial court awarded judgment on the contract for $350, but denied any relief on the quasi-contract claim. On appeal, the Commonwealth Court affirmed. 9 Pa.Cmwlth. 409, 305 A.2d 404 (1976). This Court then granted appellant's

petition for allowance of appeal. After consideration of the appeal, the matter was remanded to the Commonwealth Court. *Hess v. Hazle Township,* 465 Pa. 465, 350 A.2d 858 (1975). The Commonwealth Court after reconsideration following remand again affirmed the trial court. 26 Pa. Cmwlth. 379, 363 A.2d 844 (1976). Appellant's petition for allowance of appeal from that order was granted, and the appeal is now before us.

The appellant contends that the trial court erred in denying recovery on a quasi-contract theory. We agree.

In 1966, appellee advertised for bids for 100 tons, more or less, of gravel to be used in the township roads. Appellant was the successful bidder at a unit price of $3.50 per ton. Subsequently, during the summer of 1966 appellee requested and appellant delivered over 6,000 tons of gravel. Upon the advice of the appellee's solicitor, the appellee refused to pay for the gravel. Essentially, payment on the contract has been refused because of the significant difference between the amount of gravel specified in the advertisement—100 tons, more or less, and the amount actually requested—over 6,000 tons. Because of this significant discrepancy, the trial court and the Commonwealth Court concluded that the gravel delivered could not come under the contract calling for 100 tons, more or less.

Appellant's offer to present evidence of past practices to establish that large quantities of gravel had, in previous years, been delivered and paid for by the township under similar circumstances was rejected by the trial court. The Commonwealth Court concluded that even had such evidence been presented, appellant was not entitled to recover on the contract because, although some flexibility is permitted in a "more or less" contract, the differences here between the amount of gravel stated in the contract and the amount of gravel actually delivered was too great to permit payment under the contract without ignoring the bidding and contract provisions of the Second Class Township Code. 26 Pa.Cmwlth. at 383, n.2, 363 A.2d at 846, n.2. We have not been persuaded that this result is erroneous. *Hess v. Hazle*

*Township,* 9 Pa.Cmwlth. 409, 305 A.2d 404 (1976); *Hess v. Hazle Township,* 26 Pa.Cmwlth. 379, 363 A.2d 844 (1976).

We cannot agree, however, that the appellant was not entitled to recovery on a quasi-contract basis. Over seventy years ago, this Court recognized that a quasi-contract recovery could be had against a municipality.

> "Municipal repudiation of honest indebtedness which the municipality intended to contract and could have lawfully contracted, is no more to be tolerated than individual repudiation of honest indebtedness merely because it was not incurred in pursuance of a duly executed express contract, unless the municipal charter or the statutes prohibit the municipality from incurring any liability by implication."

*Long v. Lemoyne Boro.,* 222 Pa. 311, 318, 71 A. 211, 212 (1908).

*See also, Ohlinger v. Maidencreek Township,* 312 Pa. 289, 294–296, 167 A. 882, 884–885 (1933); *Aspinwall-Delafield Co. v. Borough of Aspinwall,* 229 Pa. 1, 6, 77 A. 1098, 1100 (1910). Cases which have denied recovery on a quasi-contract basis have done so, not because such recovery cannot be had against a municipality as it can against an individual, but for other overriding reasons. In some cases, because the municipality or an agency of a municipality had no authority to legally contract in the first place for the benefit received, the court concluded that had there been a contract, it would have been *ultra vires,* either beyond constitutional or statutory authority. *Kreusler v. McKees Rocks School District,* 256 Pa. 281, 100 A. 821 (1917); *Willis v. York County Directors of the Poor,* 284 Pa. 138, 142, 143, 130 A. 401 (1925). Contractors have also been denied recovery when the benefit for which recovery was sought was not conferred upon the municipality but upon a private person. *Meehan v. Cheltenham Township,* 410 Pa. 446, 451, 189 A.2d 593, 595 (1963). Quasi-contract recovery has also been denied when a contract existed, and under the existing contract the *contractor* and not the municipality was found to have assumed the risk under the contract for unanticipated work. *Mont-*

*gomery v. Philadelphia,* 391 Pa. 607, 139 A.2d 347 (1958). Recovery has also been denied when subterfuge is present and it was obvious to the contractor as well as to the school district. *Charleroi Land Co. v. Boro. School Dist.,* 334 Pa. 424, 6 A.2d 88 (1939).

In *Luzerne Township v. Fayette Co.,* 330 Pa. 247, 199 A. 327 (1938), we again reaffirmed the rule that a quasi-contract recovery may be had against a municipality. There we said:

> "It is true that, in order to avoid results involving obvious injustice, the courts of some jurisdictions, including our own, have held that where a municipality or other local agency of government has voluntarily accepted and retained the benefits of a contract which it had the power to make but which was defective in the method of its execution and consequently invalid, the party who, by furnishing labor or material, has conferred such benefits may recover compensation therefor in a suit, not on the invalid contract itself, but upon a quantum valebat, quantum meruit, or for money had and received; see article on 'Quasi-Contractual Liability of Municipal Corporations' by Professor Tooke, 47 Harvard Law Review 1143. Common honesty requires that a municipality or other governmental agency should not be allowed, any more than a private individual, wholly to repudiate an obligation of which it has deliberately appropriated the benefits, and, in such cases, if the municipality does not restore the property which it has received, an implied obligation to make compensatory payment for it arises: *Rainsburg Borough v. Fyan,* 127 Pa. 74, 80, 17 A. 678, 4 L.R.A. 336; *Long v. Lemoyne Borough,* 222 Pa. 311, 317, 318, 71 A. 211, 21 L.R.A.,N.S., 474; *Aspinwall-Delafield Co. v. Borough of Aspinwall,* 229 Pa. 1, 6, 77 A. 1098; *Ohlinger v. Maidencreek Township,* 312 Pa. 289, 294, 295, 296, 167 A. 882, 90 A.L.R. 1227; *Ephrata Water Co. v. Ephrata Borough,* 16 Pa.Super. 484, 489, 490; *Washington Female Seminary v. Washington Borough,* 18 Pa.Super. 555, 559."

330 Pa. at 253, 199 A. at 330.

■ In this case, none of the reasons given in prior cases for not permitting a quasi-contract recovery is present. The appellee had the constitutional and statutory authority to contract for the purchase of approximately 6,000 tons of gravel, had it chosen to do so. There is no contention that the municipality did not receive a benefit, nor is there any claim that subterfuge was involved or that the contractor assumed the risk of the municipality needing more gravel than 100 tons. Under these circumstances, it was error to deny appellant relief under a quasi-contract recovery.

Some confusion has existed in this area because the *Luzerne* case, from which we quoted above, contains language stating that there is an exception to the right to obtain a quasi-contract recovery against a municipality. *Luzerne* said that the quasi-contract principle

" . . . does not extend to benefits which by their very nature cannot be surrendered and the retention of which is therefore not voluntary, as, for example, paved highways or improvements upon buildings: *Kreusler v. McKees Rocks School District,* 256 Pa. 281, 100 A. 821; *Willis v. York County Directors of the Poor,* 284 Pa. 138, 142, 143, 130 A. 401; *Chester School District's Audit,* 301 Pa. 203, 216, 151 A. 801 . . ."

We are at a loss to explain the above *dicta* appearing in *Luzerne* if it is made on the basis of the cases of this Court cited after the statement of the exception. Those cases have been examined and do not support the exception. On the other hand, we agree with the exception if it is intended to state a principle normally applicable when recovery is sought on a quasi-contract basis, although that principle is not applicable to the case before us. For example, if one paints a house in the owner's absence without the owner's knowledge, there can be no restitution for unjust enrichment because the owner *at no time* had an opportunity to reject or return the benefit. See Restatement of Restitution § 112. On the other hand, if the owner is present and silently watches, without objecting, his house being painted in error when the adjacent house should have been paint-

ed—the owner cannot later avoid restitution by claiming that he cannot return the benefit because he did *have the opportunity* to reject the benefit. *See* Restatement of Restitution § 56(a) and Restatement of Contracts § 72.

In this case, the exception does not apply. The township requested the gravel over a three month period. It had an opportunity to reject the gravel. It did not do so. It had an opportunity at one point to reject the benefit. It did not do so. The benefit was not one conferred without knowledge by the municipality. Under these circumstances, the appellant is entitled to a quasi-contract recovery, not to exceed the $3.50 per ton.

■ There is no question that appellant conferred a benefit upon appellee in supplying over 6,000 tons of gravel to the roads in need of repair delivered to the sites as requested. It would be unjust for appellee to accept and retain this benefit without rendering compensation. The measure of recovery in these cases is the reasonable value of the materials furnished. *Luzerne Township v. Fayette County,* 330 Pa. 247, 199 A. 327 (1938). Am.Jur.2d, Vol. 56, p. 576. Because a factual determination of the reasonable value of the materials furnished by appellant was not made by the trial court, we remand on that issue.

We have examined other issues raised and find them to be without merit.

The judgment of the trial court awarding the appellant $350.00 for 100 tons of material delivered pursuant to the contract which was vacated by this Court, *J. A. & W. A. Hess, Inc. v. Hazle Township,* 465 Pa. 465, 350 A.2d 858 (1976), is reinstated and affirmed. The order of the trial court and the order of the Commonwealth Court denying recovery for the materials delivered over and above the 100 tons are reversed and the matter remanded to the trial court for further proceedings consistent with this opinion.

Former Justice POMEROY did not participate in the decision of this case.