Hazle Township, Appellant *v.* City of Hazleton, Appellee.

Argued April 6, 1979, before Judges CRUMLISH, JR., ROGERS and CRAIG, sitting as a panel of three.

*Thomas L. Kennedy,* for appellant.

*Correale F. Stevens,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., September 4, 1979:

Hazle Township appeals an order of the Common Pleas Court of Luzerne County requiring it to pay to the City of Hazleton the sum of $7,225.10, being one-half the cost of construction of sanitary and storm sewers installed by the City on the boundary street between the municipalities.

Is the township obligated to reimburse the City for any costs incurred by the City in constructing these sewers?

The trial court held that, even in the absence of a formal share-of-cost agreement, the township, as beneficiary of the construction, was liable for one-half the sewer installation costs on a quantum meruit theory. It also found that the sewage effluent discharging into the street constituted a local health problem and required prompt attention.

We reverse.

The statutory law of this Commonwealth which bound the City is Article XXIX, Section 2985 of the Third Class City Code:[1]

Whenever any street is on the boundary line between any city and a township, such street shall be maintained jointly by the city and the township. For the purpose of maintaining any such street, the authorities of any city are hereby *directed to enter into agreements* with the authorities of any township providing the manner in which the same shall be maintained, and providing for the division of the cost of maintenance between the city and township. If any such city or township shall fail or refuse to enter into any such contract, any taxpayer thereof or the corporate authorities of the city or township may present a petition to the court of quarter sessions of the county, setting forth the facts. The court, after hearing, of which such notice shall be given to all parties interested as the court may direct, shall make an order directing the manner of such maintenance and the division of the cost of maintenance between the city and the township. (Emphasis added.)

[1] Act of June 23, 1931, P.L. 932, *as amended*, 53 P.S. §37985.

This provision is not merely directory, but mandatory, and a contract failing to comply with its command absolves the township of liability. Where a statute prescribes the formal method for the awarding of public contracts, it must be strictly conformed to or the governmental agency is absolved. *Luzerne Township v. Fayette Co.*, 330 Pa. 247, 199 A. 327 (1938). That the township enjoys substantial benefits is immaterial. A petition to the trial court *prior* to commencing sewer construction for a supporting directive would have been the appropriate route if the township had refused to agree to share costs.

We find no merit in the city's contention that the exigency of the health danger justified a departure from the statutory mandate. The existence of a sewage effluent problem was recognized by officials of both municipalities for fully one year before the city awarded the contract. Moreover, two of the three members of the Township Supervisors were neither notified of the existence of a health hazard nor were they alerted to the sewer contract prior to actual construction. No inference can be found in the recorded testimony that the township authorities competent to contract ever assented to its construction or had ever intended to contribute to its construction. Cities are municipal corporations, creatures of the legislature, and have only those powers as the legislature gives them. When it authorizes a municipality to act within limited perimeters, strict compliance is demanded.

The city, in arguing that the township received the benefits of the services, suggests an implied obligation in the beneficiary to pay its part of the reasonable value of the fruits of its labor. Had the services been rendered under an *intended agreement* which was subsequently voided because of invalid execution, the city would have a valid position. *See Luzerne Township v.*

*Fayette Co., supra,* and *Long v. Lemoyne Borough,* 222 Pa. 311, 71 A. 211 (1908).

The Pennsylvania Supreme Court has recently affirmed the right to a quasi-contractual recovery against a municipality in certain instances. *J.A. & W. A. Hess, Inc. v. Hazle Township,* 484 Pa. 628, 400 A.2d 1277 (1979). There, bids were let by a township for the delivery of 100 tons of gravel. A private contractor submitted the low bid and was awarded the contract. Subsequently, the township requested, and the contractor delivered, over 6,000 tons of gravel which it later refused to pay for since it was not contained in the original contract. The Court, in granting quasi-contractual relief, held that the township, having requested the gravel, had the authority to contract for it and had an opportunity to reject the gravel but failed to do so. The crucial distinguishing factor between that case and this one is that there the parties relied on the underlying agreement to form the solid bedrock upon which their concomitant rights and duties arose.

A quantum meruit argument fails because there can be no implied promise to pay the value of goods received or labor performed where there was no contract.

If we were here to allow recovery, we would encourage violation of the City Code. To do so would result in a destruction of the salutary protection the law secures to citizens against capricious governmental behavior.

Accordingly, we

ORDER

AND Now, this 4th day of September, 1979, the order of the Court of Common Pleas of Luzerne County dated December 1, 1977, is hereby reversed.