Township of Ridley, Appellant *v.* Haulaway Trash Removal, Inc., Appellee.

Argued June 11, 1982, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Peter J. Rohana, Jr.,* for appellant.

*John F. Peoples,* for appellee.

OPINION BY JUDGE CRAIG, July 27, 1982:

Ridley Township appeals an order of the Court of Common Pleas of Delaware County which granted a motion for summary judgment by Haulaway Trash Removal, Inc. in a quantum meruit claim against the township for $15,290.00 as the balance due for collec-

tion of the township's trash[1] from April of 1979 through June of 1980.

The township sought outside assistance in removing its trash when it had difficulty maintaining its hauling trucks in good working order. Following an informal survey of price quotations, the township, through an unidentified employee or official, requested Haulaway to begin removing the trash.

Although the township had executed numerous receipts for trash removal and made several payments to Haulaway totaling $12,215.00, it defended the claim for the balance due on the basis that its oral request did not amount to a contract because the elected commissioners, as governing body, had never duly authorized the agreement pursuant to Section 1802 of the First Class Township Code;[2] that section requires a

---

[1] Haulaway's claim was for removal of the township's trash, not the trash of the individual citizens of the township.

[2] The most recent version of the Act of June 24, 1931, P.L. 1206, *as amended*, 53 P.S. §56802 states, in part:

§56802. General regulations concerning contracts.

(a) All contracts or purchases made by any township, involving the expenditure of over $4,000.00, except those hereinafer mentioned, shall not be made except with and from the lowest responsible bidder, shall be in writing, and shall be made only after notice by the Secretary, published....

(b) In every instance in which any contract for any public work, construction, materials, supplies, or other matters or things for any township shall be awarded upon competitive bids, it shall be the duty of the authorities authorizing the same to award the said contract to the lowest responsible bidder. *Any published notice for bids shall contain full plans and specifications, or refer to the places where copies thereof can be obtained, and give the time and place of a public meeting of a committee, appointed by the township commissioners or an open meeting of the township commissioners, at which commit-tee or commissioners meeting, bids shall be publicly opened and read, and if it is an open meeting of the*

municipality to award all public contracts over $2,500.00[3] to the lowest competitive bidder. The township also claimed that the employees or officials who initiated the trash removal services were acting beyond the scope of their authority.

The common pleas court based its decision on *J.A. & W.A. Hess, Inc. v. Hazle Township,* 484 Pa. 628, 400 A.2d 1277 (1979), holding that, because the township knowingly accepted and made partial payment for Haulaway's services, the township was liable in quantum meruit for the value of those services, which were rendered at a fair and reasonable price.

We agree with the trial court that *Hazle Township v. City of Hazleton,* 45 Pa. Commonwealth Ct. 370, 407 A.2d 893 (1979) is inapplicable. Unlike that case, where the township never assented to the construction of the sewer or indicated any intention to contribute to its construction, the township's actions herein signing the load receipts and paying Haulaway through May of 1980 evidenced an "intended agreement which was subsequently voided because of invalid execution." *Hazle Township,* at 373, 407 A.2d at 894.

Permitting Haulaway to recover in quantum meruit prevents the township from repudiating an obligation after it "has voluntarily accepted and retained the benefits of a contract which it had the power to make but which was defective in the method of its execution." *Hess* at 633, 400 A.2d at 1279.

Nor can we characterize the situation as one involving municipal employees acting outside the scope of their authority in an individual, non-representative capacity. The township's admission that it continued

---

township commissioners, the contract may be awarded....
Any contract made in violation of the provisions hereof shall be void.

[3] As noted above, the amount is now $4,000.

to pay Haulaway for the services,[4] even after it notified Haulaway that competitive bids were necessary, establishes a record of township action tantamount to ratification by the governing body.

Accordingly, we affirm.

## ORDER

Now, July 27, 1982, the order of the Court of Common Pleas of Allegheny County, No. 80-11649, dated September 24, 1981, is affirmed.

---

## ORDER

Now, August 2, 1982, the order in the above-captioned matter issued July 27, 1982 is hereby amended to read as follows:

Now, August 2, 1982, the order of the Court of Common Pleas of Delaware County, No. 80-11649, dated September 24, 1981, is affirmed.

---

[4] Haulaway averred, and the township admitted, that the township had made payments to it on the following dates: June 19, 1979, $285.00; August 24, 1979, $1,805.00; October 16, 1979, $4,625.00; December 17, 1979, $3,960.00; May 12, 1980, $1,210.00; and May 23, 1980, $330.00. The township admitted that it did not notify Haulaway about the contractual bidding requirements until February of 1980.