VAN BUREN LIGHT & POWER COMPANY

*vs.*

INHABITANTS OF VAN BUREN.
No. 1179

VAN BUREN LIGHT & POWER COMPANY

*vs.*

INHABITANTS OF VAN BUREN
No. 1180.

Aroostook.    Opinion March 30, 1917.

*Power of municipalities to contract.    How such contracts shall be made.    Right of agents or representatives to make contracts binding upon town without vote thereon.    Power of municipalities to ratify acts of agents.*

Two actions brought to recover on an account annexed, and quantum meruit, for electric current and electric lights furnished the inhabitants of the town of Van Buren. The first writ seeks to recover for lighting the streets and certain public buildings in Van Buren from April 1, 1915, to June 26th of the same year, and the second from November 27, 1915, to February 29, 1915. The cases are before this court upon report.

The plaintiff claims that on the 19th day of July, 1911, it entered into a contract with the inhabitants of the town of Van Buren, acting by a committee, binding the parties thereto for a period of fifteen years from the date the plant began operation, to furnish the town the electric lights specified, and that the contract provided in default on the part of said inhabitants to make payment as stipulated that the light company might, at its option, shut off the street lights until payment for all arrears to said light company was made. From October, 1911, until the first day of April, 1915, the defendants paid monthly for electric service at the prices stipulated in the alleged contract. In June, 1915, there being due, as claimed by the plaintiff, the payments for lights from April first to June, and the town refusing to pay therefor, they exercised their right under the contract and stopped furnishing the lights. In 1915 certain residents of the town of Van Buren proceeded to erect, at their own expense, an electric light plant, which duplicated the electric lighting system of the plaintiff, and made arrangements to obtain their current from the same source as the plaintiff, and in the fall of 1915 the plaintiff, who during the summer shut off their service, again began on the 27th day of November to light the streets of Van Buren, and thereafterwards the second company started their plant and furnished lights for the street and public buildings by virtue of an alleged contract with the town.

It appears that from the 22d day of November to the date of the purchase of the two writs now under consideration, both the plaintiff and the associates above described, or their successors, have each continued to furnish a set of street lights for operation in the defendant town, and that, at about the time of the annual meeting of defendant town, in 1916, the town agreed to purchase the plant constructed by said associates.

*Held:*

1. In an action against a town by a light and power company for electric lights furnished, the burden was on plaintiff to prove the authority of the persons signing the contract on behalf of the town.

2. That the authority to so act must be proven by a vote of the town at a meeting which the record must show was legally called and that there was an article in the town warrant authorizing the appointment of a committee and giving it the authority to act for the town in making the contract.

3. The particular subject matter upon which action is called for in a town meeting must be distinctly specified in the notice calling the meeting. If any prescribed step is omitted, the inhabitants, and hence the town itself, are not bound by the results. Whoever deals with the town or its officers must bear in mind these bulwarks about the property of the inhabitants of the town and make certain, not only that the proposed contract is clearly within legal power of the town, but also that such power is exercised in a legal manner.

4. A municipal corporation may ratify the unauthorized acts and contracts of its agents and officers which are within the corporate powers but not otherwise.

Two actions of assumpsit upon account annexed and quantum meruit to recover for electric current and electric lights furnished defendant town under an alleged contract entered into between plaintiff company and agents or representatives of defendant town. It was agreed that defendant was entitled to all the defenses that it might have made under any form of pleading. Questions of law having arisen, the parties agreeing thereto, the case was reported to the Law Court for determination upon so much of the evidence as legally admissible, the Law Court to render such judgment as the law and evidence require. Judgment for defendants.

Case stated in opinion.

*Hersey & Barnes, and R. W. Shaw,* for plaintiff.

*Peter. C. Keegan, and Archibalds,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, MADIGAN, JJ.

HALEY, J.   Two actions brought to recover on an account annexed, and quantum meruit, for electric current and electric lights furnished the inhabitants of the town of Van Buren.   The first writ seeks to recover for lighting the streets and certain public buildings in Van Buren from April 1, 1915, to June 26th of the same year, and the second from November 27, 1915, to February 29th, 1916.   The cases are before this court upon report.

On the 19th day of July, 1911, the plaintiff claims that it entered into a contract with the inhabitants of the town of Van Buren, acting by a committee, binding the parties thereto for a period of fifteen years from the date the plant began operation, to furnish the town the electric lights as specified, and that the contract provided on default on the part of said inhabitants to make payments as stipulated that the light company might, at it's option, shut off the street lights until payment for all arrears to said light company was made.   From October, 1911, until the first day of April, 1915, the defendants paid monthly for electric service at the prices stipulated in the alleged contract.   In June, 1915, there being due, as claimed by the plaintiff, the payments for lights from April first to June, and the town refusing to pay therefor, they exercised their right under the contract and stopped furnishing the lights.   In 1915 certain residents of the town of Van Buren proceeded to erect, at their own expense, an electric

light plant, which duplicated the electric lighting system of the plaintiff, and made arrangements to obtain their current from the same source as the plaintiff, and in the fall of 1915 the plaintiff, who during the summer shut off their service, again began on the 27th day of November to light the streets of Van Buren, and thereafterwards the second company started their plant and furnished lights for the street and public buildings by virtue of an alleged contract with the town.

It appears that, from the 22d day of November to the date of the purchase of the two writs now under consideration, both the plaintiff and the associates above described, or their successors, have each continued to furnish a set of street lights for operation in the defendant town, and that, at about the time of the annual meeting of defendant town in 1916, the town agreed to purchase the plant constructed by said associates.

Several questions as to the legality of the alleged contract arise, but it is unnecessary to decide them because there is no contract proved. The alleged contract is claimed to have been proved by the oral testimony of one of the committee who signed the contract, together with others as agents of the town; and the alleged contract describes them "as a committee duly chosen, and qualified, on behalf and as the agents of said inhabitants of said town of Van Buren, hereunto duly authorized by a vote of said inhabitants of said town, taken at a special town meeting of said inhabitants duly called and held in said town on the 19th day of July, A. D. 1911, parties of the second part"; and they signed the alleged contract "as a committee and agents of said town duly chosen, qualified and authorized, by a vote of said town as aforesaid, for and in behalf of said inhabitants of said town of Van Buren on the day and year first above written." It was no part of the defendant's case to prove that the persons signing the contract as a committee and agents of the town, did not have authority to make the contract. The burden was upon the plaintiff to prove the authority, and it is admitted that, if the authority was possessed by them, it was by virtue of a vote of the town. The only proof of the authority was the record of the town meeting. It being within the jurisdiction of the court, it was the best evidence and would show whether the town meeting was legally warned or not. It would show whether there was an article in the warrant that authorized the appointment of a committee, and it would show the authority

conferred upon the committee, and it would have shown whether the so called committee were authorized to execute the contract that they attempted to execute, and whether they had exceeded their powers or not.    As said by EMERY, J., in *Lovejoy* v. *Foxcroft*, 91 Maine, 370, in reference to town meetings:  "The particular subject matter upon which action is called for must be distinctly specified in the notice. If any prescribed step is omitted, the inhabitants and hence the town itself are not bound by the result.    Whoever deals with the town or its officers must bear in mind these bulwarks about the property of the inhabitants of the town, and make sure before hand not only that the proposed contract is clearly within the legal powers of the town, but also that such power is exercised in the legal mode.  .  .  .  .  It must be apparent, after consideration of the cases cited and of the other cases upon the subject, that a claim against a town can not be supported and enforced solely upon the general principles of equity and good conscience applied to individuals and corporations."

The plaintiff claims that, even if the contract was not proved, it is entitled to recover for the electric lights furnished under the agreement in the record that the plaintiff should have the benefit of the count in quantum meruit in each writ, claiming an implied promise on the part of the defendant to pay for the lights furnished.  But there was no implied promise on the part of the town to pay for the lights furnished.  Upon the contrary, when it's selectmen settled with the plaintiff for the lights furnished in the month of March, 1915, they claimed that the contract under which they were being furnished was void and they would not longer continue it, and offered to execute a contract to pay the plaintiff a different rate per lamp, which the plaintiff refused to make.  Thereupon, with no authority from the town, or it's officers, the plaintiff continued to furnish the current until in the month of June, during which time the defendant town refused to pay and denied their liability.  To recover in this action under a count indebitatus assumpsit the plaintiff must prove that it furnished the lights to the town by the authority of some one who was authorized to purchase them.  There is no evidence of any such contract or authority.  The selectmen refused, and said they would not authorize the furnishing of the lights at the price that the plaintiff charged, and the plaintiff, without authority from any one, continued to furnish them until June, 1915.  As no person with authority from the defendant authorized the furnishing of the current,

the defendant is not liable upon an implied contract to pay so much as the current was reasonably worth.   "For all persons furnishing materials to town or city officers must take notice at their peril of the extent of the authority of such officers.   *Morse* v. *Inh. of Montville,* 115 Maine, 454; *Goodrich* v. *Waterville,* 88 Maine, 39.   The second writ seeks to charge the defendant upon the same ground for lights furnished from November to the date of the writ.   The plaintiff had not for several months been furnishing any lights when it turned on the current and started the lamps in November, 1915, without authority from the town, or any pretense that any one in authority had requested them to, and, during the time for which recovery is sought in the second writ, the town was purchasing from another company what lights it needed, and the system of the plaintiff was duplicated by the lights and wires furnished by the other company.   The plaintiff claims it had a right to furnish under the contract entered into by the so called committee or agents, but there is no evidence, as we have already decided, of any such contract. Therefore, having neglected for several months before they started the lights in November to furnish the defendant town lights, and the defendant having entered into a valid agreement, as far as the case shows, with another company to furnish the lights needed by the town and which company furnished them, the plaintiff had no right during the period that the lights were furnished by the other company, without request from some one in authority, to furnish the lights and charge the town for them.   The furnishing of the lights, both as charged in the first writ from April to June, 1915, and from November, 1915, to the date of the writs, was in each instance without authority from any one who had authority to represent the town. So far as the report shows the plaintiff furnished what lights it did furnish, sued for in both writs, with the expectation or understanding that they had a valid contract with the town to pay them certain prices for the lights.   They had no contract.   They never entered into any arrangements with any officers of the town who had authority to make a contract, and whatever they furnished was without the consent of the defendant town.

It is urged by the plaintiff that the defendant is liable because the supposed contract was ratified by the inhabitants of the town, and it is a rule of law "that a municipal corporation may ratify the unauthorized acts and contracts of it's agents and officers, which are

within the corporate powers, but not otherwise." But there is no admissible testimony in the record that shows that the unauthorized acts of the so called committee or agents in entering into the contract was an act of the agents or officers of the town, and the admissible testimony fails to show the so called committee or agents were ever authorized to enter into any contract for the town. They had no authority from and were not agents or a committee of the town, and the above rule as to ratification does not apply.

*Judgment for defendant in each case.*