H. C. BUZZELL ET AL *vs.* CITY OF BELFAST.

Waldo.        Opinion, April 27, 1932.

*Hinckley, Hinckley & Shesong,* for plaintiffs.
*Locke, Perkins & Williamson,*
*Clyde R. Chapman,* for defendant.

Sitting: Pattangall, C. J., Dunn, Sturgis, Barnes, Farrington, Thaxter, JJ.

Dunn, J. This case involves whether the plaintiffs, a firm of attorneys at law, can recover, either on account annexed or *quantum meruit*, for professional services rendered the city of Belfast, in a contested will case. The will contained a pecuniary bequest for the addition of a reading room to the public library in that city, and further bequests of furniture and furnishings. Probate of the will was decreed. *Sleeper*, Appellant, 129 Me., 194.

The defendant concedes that the services were rendered, and that the charges are reasonable.

The defense is that the contract of employment, if any was made, was with the mayor and aldermen, and not by order of the city council.

There is no evidence that the contract was by any such order.

The charter of Belfast vests the administration of the fiscal, prudential, and municipal affairs of the city, with the government thereof, in one principal magistrate, styled the mayor; and one council, denominated the board of aldermen; and another council, called the common council. P. & S. L., 1850, Chap. 363.

An ordinance of the city, emanating from that incidental power which warranted its passage, to enable the corporation to effect the purposes of its creation, and to execute faithfully the trust committed to it, provides that the city council shall annually elect some citizen of the city, who is an attorney and counselor of the Supreme Judicial Court, to be solicitor and law agent. Belfast Ordinances, Chap. 7. The duty of this official is to act for the city in all proceedings wherein any of its estates, rights, or privileges are called in question. Ordinances, *supra*.

The city, as such, had authority to take the bequests which the will made to it. R. S., Chap. 4, Sec. 31.

Even though the ordinance defines that the solicitor and law agent shall attend to the business of the city, other counsel may be engaged. In such connection the ordinance reads: "Whenever it may become necessary to employ additional counsel it shall be done by order of the city council. . . ." Ordinances, *supra*.

It is of vital importance that the engagement of any additional counsel shall be by order of the city council.

"Persons acting under the employment of town or city officers must take notice at their peril of the extent of the authority of such officers." *Goodrich* v. *Waterville*, 88 Me., 39, 41; *Michaud* v. *St. Francis*, 127 Me., 255, 257. Where town or city officers are wanting in authority to employ, no liability is incurred by the town or city on a *quantum meruit* or otherwise.

Argument by counsel for the plaintiffs, that the city charter vests the "executive powers of said city generally" in the mayor and aldermen, with all the powers of selectmen, has had consideration. The mayor and aldermen are entrusted by the clause invoked, with a general care over all the interests of the city. *Blackington* v. *Rockland*, 66 Me., 332. But this in no wise affects the case in hand.

The employment, on which the plaintiffs rely, not having been by order of the city council, as required by the ordinance, judgment must go for the defendant.

*Judgment for defendant.*