RALPH O. DALE *vs.* CITY OF BATH.

Sagadahoc.      Opinion, July 30, 1938.

*John P. Carey,* for plaintiff.
*Edward W. Bridgham,*
*Harold J. Rubin,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

THAXTER, J.    The plaintiff in one count of his declaration seeks to recover $300 as salary as city solicitor of the City of Bath for the year 1937–1938. In another count based on a *quantum meruit* he claims the same amount for legal services which he alleges that he performed for the city during that year. The case was heard by the Justice presiding at the January Term of the Superior Court in Sagadahoc County who found for the defendant. The case is before this Court on an exception to that ruling.

The plaintiff on April 1, 1936, was duly elected for the current year city solicitor of the City of Bath by a joint convention of the board of aldermen and the common council. The succeeding year no one was elected to take his place.

The charter of the City of Bath, Priv. & Spec. Laws 1847, Chap. 5, Sec. 4, as amended, contains the following provisions:

"But all elections of officers by the City Council shall be by joint ballot of the two boards in convention. The City Council shall annually, on the third Monday in March, or as soon thereafter as conveniently may be, elect and appoint all subordinate officers and agents for the city for the ensuing year. All officers shall be chosen and vacancies supplied for the current year, except as herein otherwise directed. All the said subordinate officers and agents shall hold their offices during the ensuing year and until others shall be elected and qualified in their stead, unless sooner removed by the City Council."

The plaintiff contends that he was a subordinate officer or agent of the city and as such held office until his successor was elected and qualified in his stead and was, therefore, entitled to his salary for the succeeding year.

By the terms of Section 4 of the charter of the City of Bath the powers which had been vested in the inhabitants of the town became vested in the mayor and aldermen and the common council. One of these general powers which then existed in towns, R. S. 1841, Chap. 5, Sec. 23, and still does exist, R. S. 1930, Chap. 5, Sec. 1, was that of "appointing attorneys and agents."

The charter provision relating to the holding over of subordinate officers and agents must be read in the light of the end sought to be gained; and it must be that a town has authority to appoint an attorney or an agent for a limited time or for a special purpose without thereby establishing an office which must always be kept filled. An attorney does not by reason of his employment become a subordinate officer or an agent entitled to continue in office beyond the time when the services which he was employed to carry on have been concluded.

It is not necessary to define just what officials may come under the designation of "subordinate officers" or "agents" who hold over.

It is sufficient to say that the plaintiff because of his appointment as city solicitor was not one. The office is not created by the city charter, and there is no mention of it in the ordinances passed under the authority given by the charter.

The plaintiff can not recover on a *quantum meruit*. Such legal work as he may have done for the city after March 1937 was performed without any express authorization from those having the right to employ him. A contract can be implied only by proof that the particular services were rendered at the request of those having authority to employ the plaintiff or that there was a ratification by them of what he may have done. *Van Buren Light & Power Co.* v. *Inhabitants of Van Buren*, 116 Me., 119, 100 A., 371. The presiding Justice in finding for the defendant decided against the plaintiff on these points. There was evidence to support such ruling.

*Exception overruled.*