**A.F.A.B., INC. d/b/a A.F.A.B. Construction**

v.

**TOWN OF OLD ORCHARD BEACH.**

Supreme Judicial Court of Maine.

Argued June 5, 1992.
Decided July 17, 1992.

David R. Ordway (orally), Ordway & Delicata, Biddeford, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

COLLINS, Justice.

A.F.A.B., Inc. appeals from a Superior Court order (York County, *Cole J.*), entered after a non-jury trial, granting judgment in favor of the Town of Old Orchard Beach on AFAB's claims of breach of contract and quantum meruit. On appeal AFAB argues that the court erred in granting the Town's judgment because under the circumstances it was inequitable for the Town to retain the benefit conferred upon it by AFAB without payment of its value. Because we conclude that the Superior Court incorrectly granted the Town's motion for judgment, we vacate the judgment and remand the case for further proceedings.

AFAB is a construction company and general contractor. AFAB was formed and operated by Timothy Swenson. In the spring of 1988, AFAB was contacted by Stadium Enterprises Inc. Stadium wanted AFAB to repair the ballpark in Old Orchard Beach. At the time the ballpark was owned by the Town. The Town was trying to sell the ballpark and had signed a purchase and sales agreement with Stadium. That contract made specific reference to the repairs needed to ready the ballpark for opening day and provided that the Town would reimburse Stadium for the cost of the repairs should the sale not take place except in the event of a default on Stadium's part. AFAB was shown a copy of that contract.

AFAB agreed to do the repairs. The town manager and several town council members visited the site on regular occasions. There was a great deal of publicity about the renovation, including television coverage. Extensive renovation was required and AFAB worked very hard from mid-March to the end of April to complete the job on schedule. There is no evidence that any complaints have ever been made about the quality of the work performed by AFAB.

Neal L. Weinstein (orally), Old Orchard Beach, for plaintiff.

Shortly after the renovation was complete, Stadium and the Town backed out of the purchase and sale agreement. Neither Stadium nor the Town filed a suit to enforce the contract, and the defaulting party was never established. The Town operated the park that summer and then sold it to Sea Pac. Swenson testified that the town manager and several others had promised him that any sale would include a provision requiring the purchaser to pay what was owed to AFAB and others. The sales contract between the Town and Sea Pac contained a provision with the opposite effect, absolving Sea Pac of all liability for expenses incurred prior to the sale.

In July 1988, AFAB filed a mechanic's lien against the Town and Stadium but failed to perfect it. In February, 1989, AFAB filed a complaint against the Town and Stadium claiming breach of contract and unjust enrichment. In March, AFAB obtained a default judgment against Stadium, that awarded AFAB $51,749.00 in damages. Final judgment against Stadium was entered in October. Stadium's principals have left Maine and the company no longer operates in the state. In September of 1991, a non-jury trial was held to dispose of AFAB's claim against the Town. After Swenson testified, in response to a motion by the Town, the court entered judgment for the Town. *See* M.R.Civ.P. 50(d). This appeal followed.[1]

I.

■ In order to successfully bring a claim of unjust enrichment a party must prove three elements. "[One] a benefit conferred upon the defendant by the plaintiff; [two] an appreciation or knowledge by the defendant of the benefit; and [three] the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value." *Estate of White*, 521 A.2d 1180, 1183 (Me.1987). The court

found that there had been a benefit conferred upon the Town by AFAB and that the Town had an appreciation or knowledge of the benefit. The court ruled, however, that AFAB had failed to prove that the acceptance or retention of the benefit conferred was under such circumstances as to make it inequitable for the Town to retain the benefit without payment.

That ruling was premised on three findings by the court that the court appears to have considered conclusive on the claim for unjust enrichment. First, that there was no express contract between the parties; second, that AFAB was partly at fault for failure to perfect its mechanic's lien; and third, that the Town had not tricked AFAB into performing the work.

■ Lack of privity of contract and failure to perfect a lien do not bar an action for unjust enrichment. *Pendleton v. Sard*, 297 A.2d 889, 894 (Me.1972); *see also* 66 Am.Jur.2d, Restitution and Implied Contracts, § 17 (1973) "Where a ... subcontractor furnishes labor or materials which benefit the property of a person with whom there is no privity of contract, an action on *quantum meruit* may lie against the [property] owner...." *Pendleton*, 297 A.2d at 894. Such actions are only barred where the property owner has paid the general contractor in full or when the owner had no reason to believe that it would be liable for the costs incurred. *Id.* at 895.

■ In this case no one has been paid for the benefit conferred upon the Town. Furthermore, the Town clearly understood that under certain circumstances it would be liable for the cost of the renovation work. The Town's contract with Stadium included the following provision:

18. *Repairs and Improvements Prior to Time of Closing.* Seller [the Town] and Buyer [Stadium] agree to cooperate with [the Maine Phillies] to determine the repairs and improvements to The Ball-

---

1. Both parties briefed this case as if they were contesting the entry of an order granting a directed verdict. Any difference in our review of an order granting a Rule 50(a) directed verdict as opposed to an order granting a Rule 50(d) motion for judgment is, in this instance, inconsequential because our decision in this case is premised on the trial court's misapplication of the relevant legal standard.

park necessary for the use and occupation thereof by the Maine Phillies on or prior to April 10, 1988. Buyer may, in its sole and complete discretion, agree to make and pay for some or all such repairs and improvements prior to the Time of Closing. *In the event this Agreement does not close for any reason other than default by the Buyer, Seller will, upon termination of the Agreement, reimburse Buyer for the cost of all such repairs and improvements made by the Buyer.* (emphasis added).

There is no evidence that Stadium defaulted. Under the terms of the contract the Town could be liable to Stadium for the costs of the repairs. Therefore, the Town knew that it might be liable for the costs of renovating the ballpark.

Finally, the court placed great emphasis on its finding that the Town had not resorted to any form of subterfuge in its dealings with AFAB. Although the conduct of the Town is relevant, it is not absolutely essential for the Town to have tricked AFAB into doing the work in order for it to be inequitable for the Town to retain the benefit. The Superior Court, in imposing such an absolute requirement on AFAB, applied an incorrect legal standard, and its conclusion that AFAB failed to prove that the Town's retention of the benefits was inequitable under the circumstances must be reassessed.

## II.

██ The Town claims that AFAB failed to present competent evidence that would support an award of damages. The court had before it a bill that AFAB had submitted to Stadium. That bill was used to establish the damages awarded to AFAB in the default judgment entered against Stadium and was alleged to represent the enhanced value of the property, i.e., the benefit conferred upon the Town. The Town chose not to cross-examine AFAB on the issue and presented no evidence with respect to damages. The cost of the improvements is evidence of the enhanced value. 66 Am.Jur.2d, Restitution and Implied Contracts, § 166 (1973).

The entry is:

Judgment vacated. Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.