**A.F.A.B., INC.**

v.

**TOWN OF OLD ORCHARD BEACH.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 2, 1995.
Decided April 13, 1995.

Neal L. Weinstein, Old Orchard Beach, for plaintiff.

David R. Ordway, Ordway & Associates, Biddeford, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

CLIFFORD, Justice.

This case is before us on appeal for the third time. Both A.F.A.B., Inc. (AFAB) and the Town of Old Orchard Beach appeal from a judgment entered in the Superior Court (York County, *Fritzsche, J.*). The court concluded that the Town is not immune from AFAB's unjust enrichment claim and that the Town was unjustly enriched by $35,000 for improvements made by AFAB to the Ballpark owned by the Town. In its appeal, AFAB contends that the court erred in limiting AFAB's recovery to $35,000. In its cross-appeal, the Town contends that the court erred in concluding that the Town is not immune from any liability. We discern no error and affirm the judgment.

The principal facts are not in dispute and have been set out in our two previous opinions in this same action: *A.F.A.B., Inc. v. Town of Old Orchard Beach*, 610 A.2d 747 (Me.1992) (*AFAB I*); *A.F.A.B., Inc. v. Town of Old Orchard Beach*, 639 A.2d 103 (Me. 1994) (*AFAB II*). In summary, in 1988,

AFAB contracted with Stadium Partners, Inc. (Stadium) to perform repairs and renovations on the Ballpark in Old Orchard Beach. The Town owned the Ballpark, and Stadium had signed a purchase and sale agreement with the Town for its purchase. There was a provision in the purchase and sale agreement, of which AFAB was aware, that the Town would reimburse Stadium for the cost of repairs if the sale of the Ballpark to Stadium did not take place. In addition, there was evidence that the town manager promised AFAB that the provisions of a sale of the Ballpark to any party would insure that AFAB be paid by the purchaser. The sale to Stadium did not occur, and a subsequent sale to a third party absolved the buyer of any obligation for expenses incurred prior to the sale. AFAB completed its work, but was paid only $10,000 of its total bill of $61,749. AFAB sued Stadium and the Town. Stadium was defaulted and a $51,749 judgment was entered against it. That judgment was never paid. AFAB's mechanic's lien claim against Stadium was not perfected.

In *AFAB I*, we vacated a judgment for the Town entered on a directed verdict after a jury trial, and concluded that lack of privity of contract and the failure of AFAB to perfect a lien did not bar its action against the Town for unjust enrichment. 610 A.2d at 749–50.

On remand following a second trial, this time jury-waived, the Superior Court (*Fritzsche, J.*) determined that AFAB had proved all three elements of its claim for unjust enrichment,[1] and that the Town had been unjustly enriched in the amount of $35,000. In determining the extent to which the Town had been unjustly enriched, the court rejected AFAB's contention that the Town had been enriched in the amount of $51,749, the total amount unpaid on its bill for the work done, and determined that overhead expenses and profit should not be recovered. Having made that determination, however, the trial court concluded that any recovery against the Town was precluded as a matter of law because immunity protected the Town

from liability under any implied contract or unjust enrichment theory of recovery.

AFAB appealed a second time. In vacating the judgment, we held that governmental entities are not always immune in cases in which a benefit is received without payment, and remanded for the trial court to consider all the relevant factors in determining whether a municipality should be immune from liability. *AFAB II*, 639 A.2d at 105–06 & n. 4. In addition, we pointed out that overhead expenses and profit should not be *categorically* excluded from the determination of damages for unjust enrichment. *Id.* at 106.

On the second remand, the Superior Court entertained additional written argument and entered a judgment for AFAB in the amount of $35,000. The court determined that due to the Town's close involvement with the Ballpark, and the Town's awareness of the repairs, it would be unjust for the Town to escape liability. The court also reexamined the extent to which the Town was unjustly enriched by AFAB's repairs to the Ballpark, and again determined that amount to be $35,000, concluding that the "overhead, costs and profits have no meaningful relationship to the value of the benefit conferred." These appeals followed.

## I. IMMUNITY

In its cross-appeal, the Town contends that to preserve the public's trust in the process a municipality follows before it makes an expenditure of public money, it should be immune from AFAB's claim and, in the absence of an affirmative act or misrepresentation, it should be protected with immunity from liability for improvements to the Ballpark that it did not directly contract for.

In *AFAB II*, we concluded that a municipality is not entitled to per se immunity from a claim of unjust enrichment. We did, however, conclude that the fact that the defendant was a municipality was an appropriate circumstance to consider in determining whether the defendant should be accountable for a claim of unjust enrichment. *AFAB II*,

[1] The three elements of unjust enrichment in this case are: (1) AFAB conferred a benefit on the Town; (2) the Town appreciated or knew of the benefit; and (3) it would be inequitable for the Town to retain the benefit of the work without payment of its value. *AFAB II*, 639 A.2d at 104.

639 A.2d at 106. We further outlined other relevant factors to be considered in determining whether the Town should be liable. *Id.* at 106 & n. 4.

■ Although the Superior Court did not discuss all the factors enumerated in *AFAB II* that can be considered in determining whether a town should be immune, it concluded that it would be unjust for the Town to escape liability because of the Town's close involvement with the Ballpark and the Town's awareness of all the circumstances of the repairs. Because the Town made no motion for further findings of fact pursuant to M.R.Civ.P. 52, we assume that the trial court made all factual findings necessary to reach its decision. *Smile, Inc. v. Moosehead Sanitary Dist.*, 649 A.2d 1103, 1106 (Me. 1994).

There is sufficient evidence that the Town has been enriched by the repairs done by AFAB: (1) the repairs were made to the Ballpark that was owned by the Town; (2) the Town bargained with Stadium, the prospective buyer, that it would reimburse Stadium for the cost of repairs in the event that Stadium did not purchase the Ballpark, and AFAB was aware of that promise; (3) the Town was acting in a proprietary rather than a governmental role in operating the Ballpark; (4) the Town was aware of the improvements performed by AFAB; and (5) the Town Manager promised that AFAB would be protected by provisions in a sale of the Ballpark to a party other than Stadium. Thus, there is sufficient evidence in the record to support the trial court's determination that immunity is not a bar to recovery against the Town. *See AFAB II,* 639 A.2d at 106 & n. 4.

## II. AMOUNT OF DAMAGES

In its appeal, AFAB contends that the trial court made inadequate factual findings to determine that AFAB's overhead expenses and profits had no meaningful relationship to the benefit it conferred on the Town in making repairs to the Ballpark, and argues that the $35,000 judgment in its favor is inadequate.

■ Although AFAB's bill for improvements is relevant in determining the amount that the Town has benefitted from improvements to the Ballpark in that the cost of improvements is evidence of the enhanced value, *AFAB II,* 639 A.2d at 106; *AFAB I,* 610 A.2d at 750, it is not dispositive of the issue. The correct measure of damages in unjust enrichment cases is "the value of the benefits that the plaintiff proves are actually received and retained by the defendant." *AFAB II,* 639 A.2d at 106. On remand, the trial court determined that in the circumstances of this case the overhead, costs, and profits have no meaningful relationship to the value of the benefit conferred. Although the court's decision does not recite the factors that led to that determination, AFAB did not move for further findings of fact. *See* M.R.Civ.P. 52. We assume that the trial court made all the findings necessary to reach its decision, *Smile, Inc.,* 649 A.2d at 1106, and discern no clear error.

The entry is:

Judgment affirmed.

All concurring.