1997 ME 173

**Raymond LANDRY, Sr.**

v.

**William H. LANDRY, Sr.**

Supreme Judicial Court of Maine.

Submitted on Briefs April 8, 1997.

Decided July 25, 1997.

Susan K. Lutton, Legal Services for the Elderly, Inc., Augusta, for plaintiff.

John P. Frankenfield, Anthony P. Shusta, II, Madison, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, RUDMAN, DANA, and LIPEZ, JJ.

LIPEZ, Justice.

[¶ 1] William H. Landry, Sr. appeals from the judgment entered in the Superior Court (Somerset County, *Alexander, J.*) after a jury-waived trial. The court ordered William to pay Raymond Landry, Sr. back rent and, on William's counterclaim, ordered Raymond to reimburse him for mortgage payments but denied William recovery for other expenses he had incurred in maintaining and making improvements to Raymond's mobile home. William contends that the court failed to apply the correct legal standard in deciding his counterclaim for the value of improvements made to the residence pursuant to a theory of unjust enrichment, and that it therefore erred by allowing Raymond to retain the benefits of improvements he made without reimbursing him for their value. We agree that the court did not apply the correct standard for determining unjust enrichment. Contrary to William's contentions, however, the court did not miscalculate the back rent he owes Raymond. We therefore vacate the judgment on William's counterclaim and affirm the judgment on Raymond's claim.

I.

[¶ 2] In 1992 Raymond purchased a mobile home with a two-car garage in Skowhegan. In December 1993 William, Raymond's son by his first marriage, underwent back surgery following a work-related injury. Unable to climb the stairs where he had been living, William moved in with Raymond and his second wife Rose. Raymond and Rose were then executing wills, in which they planned to leave the home to each other and, upon their deaths, to William, assuming he paid off the debt secured by mortgages encumbering the property.

[¶ 3] In 1994 Rose died and William received a workers' compensation settlement with which he satisfied the mortgages in the amount of $11,921.83. In August Raymond moved out, in part to help his sister-in-law recuperate from a heart attack. William remained in the home and started a motor-vehicle repair shop in the garage. He made payments on a chipper and riding tractor owned by Raymond; bought and installed items for the home, including new curtains, windows, doors, carpets, and sub-flooring; and allegedly incurred non-routine house-cleaning costs. In April 1995 William asked Raymond to transfer the property to him based on his understanding of their prior agreement.[1] Raymond offered to do so, but only for an additional $10,000. William refused, their discussions became increasingly contentious, and William changed the locks on the mobile home and refused Raymond entry. Raymond responded by altering the terms of his will so as to deny William inheritance of the property, and listed it for sale.

[¶ 4] In September 1995 Raymond filed a complaint seeking a declaration that he was the owner of both the real and personal property, an order that William vacate the premises, an award for the real property's fair rental value, and damages. William counterclaimed requesting specific performance of Raymond's agreement to transfer the property by will, and reimbursement for his nearly $12,000 mortgage payment as well as for the value of his maintenance of and improvements to the property incurred prior to Raymond's alleged breach· of the agreement to transfer the property to William by will. By the time a jury-waived trial was held in July 1996, several of the claims and counterclaims had been withdrawn. The court ordered William to pay Raymond back rent of $8,000, ordered Raymond to reimburse William for the $11,921.83 mortgage

---

1. By William's account, which was rejected by the court, the property was to have been transferred to him by deed as soon as he satisfied approximately $12,000 in mortgage debt on the property, and not only upon Raymond's death.

payment and to turn over to William possession of the chipper and the tractor, but declined to order Raymond to reimburse William for other expenses he had incurred in maintaining and improving the property. This appeal followed.

## II.

### Unjust Enrichment

[¶ 5] We review questions of law *de novo*. *Collins v. Trius, Inc.*, 663 A.2d 570, 572 (Me.1995). To decide an unjust enrichment claim, a court must ascertain whether a benefit has been conferred, whether the party receiving the benefit has an appreciation or knowledge of it, and whether "the acceptance or retention by the defendant of the benefit [is] under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value." *Aladdin Elec. Assoc. v. Town of Old Orchard Beach*, 645 A.2d 1142, 1144 (Me. 1994). According to the court's order, in deciding William's unjust enrichment claim it considered only whether he had proved by preponderance of the evidence that the improvements were "required as absolutely necessary for the property." The "absolutely necessary" requirement as an element of the unjust enrichment analysis reflects the application of an incorrect legal standard. Furthermore, at the trial William offered a list of his cash outlays for the various improvements to the mobile home. If deemed sufficiently probative by the court, such proof would permit it to make an inferential judgment about the value of the benefits received and retained by the defendant pursuant to the proper legal standard. See *A.F.A.B. v. Town of Old Orchard Beach*, 657 A.2d 323, 325 (Me.1995) (cost of improvements is evidence of enhanced value and is therefore relevant to determining the amount that the defendant has benefitted from the improvements). Accordingly, we vacate the judgment on William's counterclaim.

### Payment of Back Rent

[¶ 6] William contends that the court erred by determining both the period for which he owes back rent to Raymond as well as the amount of rent due per month. We do not set aside a court's findings of fact unless they are clearly erroneous—that is, we do so only when there is no competent evidence in the record to support the finding or the finding is based on a clear misapprehension of the meaning of the evidence. *H.E. Sargent, Inc. v. Town of Wells*, 676 A.2d 920, 923 (Me. 1996).

[¶ 7] The court did not err in either aspect of its determination that William owed $8,000 in back rent to Raymond. The court determined this figure, which covers rent for the period from April 1, 1995, to August 1, 1996, on the basis that as of April 1995 the parties' relationship became adversarial and William was no longer living in Raymond's home with the latter's permission, and because possession was granted to Raymond in August 1996. Raymond was entitled to receive rent for his property for the period that William enjoyed exclusive possession of it— that is, for the 16 months following April 1995,[2] when William changed the locks on the mobile home and forbade Raymond entry, and Raymond asked him to leave. During that time William operated a business on the premises, and thereby deprived Raymond of its combined residential and commercial rental value. When Raymond attempted to list the property for sale, William refused to allow the agent to post signs on the property.

[¶ 8] As for the court's determination of the amount of rent due per month, Raymond's testimony as to the purchase price ($42,000 in 1992) and fair market rental value ($500) of the property, as used for both residential and commercial purposes, was sufficient for the court to set the rental value at $500. *Ferrell v. Cox*, 617 A.2d 1003, 1007 (Me.1992) (by reason of ownership alone, property owners may testify as to their opin-

2. Contrary to William's contentions, the record contains nothing to suggest that the parties' relationship changed on April 14 rather than April 1. The relevant testimony speaks in terms of "April 1995"—contrary to William's suggestion, none of the testimony identifies the specific date of their angry conversation that April—and the "evidence" William points to consists of assertions in Raymond's complaint that the property was listed with a realtor "on or about April 14, 1995." The realtor was not called to testify as to the exact date the property was listed.

ion of their property's fair market value); M.R. Evid. 701. Moreover, despite Raymond's assertion of the $500 rental value in his complaint, William did not present evidence at the trial to refute that figure. See 617 A.2d at 1007.

The entry is:

Judgment on claim of Raymond Landry, Sr. affirmed. Judgment on counterclaim of William Landry, Sr. vacated. Remanded for further proceedings consistent with the opinion herein.

