STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO: CV-11-166
                                                  RAC -Cum- 11/3/2011

CHRIS PIACENTINI,

                    Plaintiff,

            v.                                    **ORDER**

LUCY BOGDANOVICH,

                    Defendant


Plaintiff Chris Piacentini, in his capacity as personal representative, moves to dismiss defendant Lucy Bogdanovich's third-party complaint alleging unjust enrichment.[1] "A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint." *New Orleans Tanker Corp. v. DOT*, 1999 ME 67, ¶ 3, 728 A.2d 673. The court reviews the complaint "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 7, 843 A.2d 43.

Piacentini rests his motion on the statute of limitations under the Probate Code, which bars "all claims against a decedent's estate which arose before the death of the decedent . . . whether . . . founded on contract, tort, or other legal basis" unless the creditor files the claim within four months of receiving actual notice. 18-A M.R.S. § 3-803(a) (2010); *see also* 18-A M.R.S. § 3-801(b) (2010). Here, it is uncontested that actual notice was provided on March 3, 2010. Therefore, all

---

[1] Bogdanovich originally filed a two-count counterclaim and a two-count third-party claim. She conceded the dismissal of the three counts not discussed here.

1

claims are barred after July 3, 2010, but the third-party complaint was not filed until June 1, 2011.

Bogdanovich argues that this statute does not bar her unjust enrichment claim even though it is based on events that arose before the decedent's death, because it is based in equity and this statute does not bar equity claims. While unjust enrichment is based in equity, the claim is still subject to the limitations set forth in section 3-803(a) of the Probate Code. *See A.F.A.B., Inc. v. Town of Old Orchard Beach*, 639 A.2d 103, n.3 (Me. 1994) (noting that unjust enrichment is based in equity). She relies on the phrase "other legal basis" to exclude equity claims from the statute, but the term "claims" in the Probate Code includes "liability of the decedent or protected person whether arising in contract, in tort or otherwise." 18-A M.R.S. § 1-201(4) (2010). Therefore, "claims" encompasses claims brought both in equity and in law. Applying this definition to section 3-803(a), it is clear that equity claims are time-barred after four months, just as legal claims are barred.

**The entry is:**

Piacentini's motion to dismiss the counterclaim and third-party complaint are granted.

DATE: _November 2, 2011_

Roland A. Cole
Justice, Superior Court

2

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: CV-11-166

CHRIS PIACENTINI,

        Plaintiff,

        v.

LUCY BOGDANOVICH,

        Defendant

NOV 08 2011
RECEIVED

**ORDER**

Plaintiff Chris Piacentini, in his capacity as personal representative, moves to dismiss defendant Lucy Bogdanovich's third-party complaint alleging unjust enrichment.[1] "A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint." *New Orleans Tanker Corp. v. DOT*, 1999 ME 67, ¶ 3, 728 A.2d 673. The court reviews the complaint "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 7, 843 A.2d 43.

Piacentini rests his motion on the statute of limitations under the Probate Code, which bars "all claims against a decedent's estate which arose before the death of the decedent . . . whether . . . founded on contract, tort, or other legal basis" unless the creditor files the claim within four months of receiving actual notice. 18-A M.R.S. § 3-803(a) (2010); *see also* 18-A M.R.S. § 3-801(b) (2010). Here, it is uncontested that actual notice was provided on March 3, 2010. Therefore, all

---

[1] Bogdanovich originally filed a two-count counterclaim and a two-count third-party claim. She conceded the dismissal of the three counts not discussed here.

1

claims are barred after July 3, 2010, but the third-party complaint was not filed until June 1, 2011.

Bogdanovich argues that this statute does not bar her unjust enrichment claim even though it is based on events that arose before the decedent's death, because it is based in equity and this statute does not bar equity claims. While unjust enrichment is based in equity, the claim is still subject to the limitations set forth in section 3-803(a) of the Probate Code. *See A.F.A.B., Inc. v. Town of Old Orchard Beach*, 639 A.2d 103, n.3 (Me. 1994) (noting that unjust enrichment is based in equity). She relies on the phrase "other legal basis" to exclude equity claims from the statute, but the term "claims" in the Probate Code includes "liability of the decedent or protected person whether arising in contract, in tort or otherwise." 18-A M.R.S. § 1-201(4) (2010). Therefore, "claims" encompasses claims brought both in equity and in law. Applying this definition to section 3-803(a), it is clear that equity claims are time-barred after four months, just as legal claims are barred.

**The entry is:**

Piacentini's motion to dismiss the counterclaim and third-party complaint are granted.

DATE: _November 2, 2011_

_Roland A. Cole_
Roland A. Cole
Justice, Superior Court

2

CHRIS PIACENTINI VS LUCY BOGDANOVICH
UTN:AOCSsr  -2011-0034559                    CASE #:PORSC-CV-2011-00166
------------------------------------------------------------------------

SEL VD                                  REPRESENTATION TYPE        DATE

01 0000008357 ATTORNEY:CLOUTIER, TERESA M
ADDR:477 CONGRESS STREET 14TH FLOOR PO BOX 15215 PORTLAND ME 04112-5215
    F FOR:CHRIS PIACENTINI                       PL          RTND    04/13/2011


02 0000002967 ATTORNEY:FRANCO, MARK
ADDR:THREE CANAL PLAZA PO BOX 4630 PORTLAND ME 04112-4630
    F FOR LUCY BOGDANOVICH                        DEF         RTND    06/01/2011